BEN BLACK v. THE STATE.

No. 1298.   Decided June 16, 1897.

1. **Charge of Court.**

A defendant in a criminal case is entitled to a charge upon the law applicable to the different phases of the case as made by the testimony; and, whether the court credits the testimony of witnesses or not, the issue presented by their testimony must be submitted to the jury by appropriate instructions.

2. **Theft of Cattle—Brands as Evidence—Charge.**

On a trial for theft of one head of cattle, where one of the main inculpatory facts was that the animal had been branded in defendant's brand, and witnesses for defendant testified that the calf was sucking a cow of defendant's; that they branded the animal in defendant's brand when it was a calf, and when defendant was not present; Held, the court should have instructed the jury, in effect, that if the animal was the calf of defendant's cow, he could not be convicted. That if he was not a party to the original taking, he could not be convicted. That if he was not present or so connected with the branding as to constitute him a principal, he could not be convicted. That if he believed the animal to be his when he sold it, he could not be convicted; and a failure to so instruct the jury is reversible error.

3. **Same.**

On a trial for theft of cattle, it is competent to introduce the record of the marks and brands of the alleged owner of the cow, the mother of the calf alleged to have been stolen, though the calf was in a different brand; but such evidence would not establish ownership in the calf itself; and in such case, the court should have instructed the jury that the records of the marks and brands was admitted only for the purpose of proving ownership in the cow which bore the brand.

APPEAL from the District Court of Knox. Tried below before Hon. S. I. NEWTON.

Appeal from a conviction for theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Morgan, J. A. Stephens,* and *J. H. Glasgow,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of one head of cattle, alleged to be the property of J. R. Craig. The evidence shows that, if it was the property of J. R. Craig, it was the joint property of Craig and Stephens; Craig having exclusive care, control, and management of it. The State's evidence shows that the alleged stolen animal was a calf about ten or twelve months of age at the time Craig recovered it; that at that time it was branded M; also X̱ and X. This animal was sold to Bud Ratliff by defendant, and it was branded at the time Ratliff bought it with X̱ and X. Ratliff placed the M brand upon it after its purchase. The State further showed that the calf was following and sucking a cow belonging to Craig and Stephens when Craig first discovered the fact that the calf was branded, Craig and Stephens' brand being / K K —. When Craig first saw this calf with the brands on it, about the 20th of August, 1896, the M brand was then fresh, and the X̱ and X brands were then old brands. The defendant sold this animal to Bud Ratliff about the 15th of August, 1896. This, in substance, is the State's case. The defendant introduced as witnesses his brother, Tom Black, and Tuck Sheek, who testified that in the latter part of March, 1896, they branded the calf in the X̱ and X brand, it being the brand of the defendant and another brother, who appear to have been partners in the cattle business; that the defendant was not present at the time of said branding; and the testimony indicates that he knew nothing of said branding until long after its occurrence. These witnesses further testified that, at the time they branded the calf, it was sucking a cow belonging to the defendant, and they put the calf in the brand of the mother, which was customary. There is testimony also in the record showing that calves sometimes suck cows other than their mothers. The court charged the jury the law applicable to the case in regard to the definition of theft, ownership of the animal, and the law applicable to a case of circumstantial evidence, reasonable doubt, and presumption of innocence, and that the jury were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony, but failed to charge the law applicable to the defensive theories as presented by the testimony for the defendant. Before a party accused of theft can be convicted of that offense, the evidence must in some way connect him with the original taking; and, if he was not so connected, a conviction can not be sustained. If the

State relied upon the original branding as constituting the theft, then, if the jury believed from the evidence before them that he was not connected with such branding as a principal, he would be entitled to an acquittal of the charge of theft. If Tom Black and Tuck Sheek branded the animal as they testify they did, defendant not being present nor connected with the branding so as to make him a principal, this circumstance could not be used to constitute a taking by appellant, and would not be evidence of his guilty connection therewith. If the yearling in question, as testified by Tom Black and Tuck Sheek, was the calf of the defendant's cow, then there could be no case of theft, even if defendant had been present. If defendant believed the calf to be his at the time he sold it to Ratliff, then he would not be guilty. The defendant is entitled to a charge upon the law applicable to the different phases of the case as made by the testimony; and this, too, whether the evidence is introduced by the prosecution or the defense. The court can not solve these questions adversely to the accused because he may not believe the testimony of the witnesses, this being the peculiar province of the jury, under our system, and, whether the trial court credited the testimony of the witnesses or not, the issues presented by their testimony must be presented in appropriate instructions, and the jury will decide the weight to be attached to such testimony. These omissions of the court in applying the law to the facts require a reversal of this judgment.

The State introduced in evidence the record of marks and brands of Knox County, showing that the / K K — brand was in the name of Stephens and Craig, the purpose being to show the ownership of the animal in question. This is the statement in the bill of exceptions reserved by appellant to the introduction of said testimony. This would be competent testimony to prove the ownership of Stephens and Craig in the cow which they testify was the mother of the calf in question. It was not evidence to prove ownership in the calf itself, for the brand upon the calf was entirely a different brand. It being competent evidence to prove the ownership of Stephens and Craig to the cow, it was admissible for that purpose; then, by other evidence, it was permissible to show that the calf, although of a different brand, was the calf of said cow. But under this state of case, the court should have instructed the jury that the record of marks and brands was admitted only for the purpose of proving ownership in the cow which bore that brand. This was not done.

There is another error assigned in the record with regard to the juror Baughman. As this will not arise upon another trial, we pretermit any discussion of this matter. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*