### JAMES P. PALMER V. STATE.

No. 25469. January 30, 1952.
State's Motion for Rehearing Denied March 12, 1952.

Hon. Eugene C. Williams, Judge Presiding.

*Adrian A. Spears,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Pat Maloney,* Assistant District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault upon an officer while engaged in the performance of the duties of his office, the jury having assessed the punishment at two years in jail. The incident occurred on July 12, 1950, but the complaint was not filed until December 1, following.

Appellant and Oliver Blumberg, the complaining witness,

were both police officers of the city of San Antonio, and the assault, according to the testimony of Blumberg, occurred while he was engaged in arresting a number of Negroes he had found engaged in a dice game. He testified that appellant struck him on the side of the face with his fist and reached for his pistol while cursing him and accusing him of being a snooper. None of the other officers present testified to having seen the assault, but one testified that he later observed Blumberg's face and that it was swollen and red.

Blumberg testified that appellant objected to the arrests being made, and said to him, "This gambling goes on every night, we know it and the chief knows it, but we are letting them go— We have a hard enough time swinging votes our way the way it is, when you see something like this you just say nothing to it and go on about your business."

Blumberg further testified that officers Toudouze and Berlanga, who followed him to the scene of the difficulty, verified appellant's statement that gambling was being permitted and that in obedience to the demand of appellant and of Toudouze, the ranking officer present, he released the prisoners.

Appellant testified that if any gambling had been going on it had ceased before he or Blumbeerg arrived; that after Blumberg had ordered the Negroes brought out and placed in the patrol wagon, officer Toudouze asked Blumberg if he had seen them playing, and if he had obtained any dice or money, and Blumberg said, "No, but load them in the wagon"; and that appellant then repeated the same question and Blumberg again said no, and he told Blumberg, "Well, you haven't got a case." Blumberg replied, "Well, put them in the wagon anyway, it will do them niggers good to stay in jail over night."

Appellant said that he took exception to this remark, and ordered Blumberg to release the prisoners, but he kept putting them in the wagon; that while he was trying to reason with Blumberg, one of the Negroes in the wagon called to him and asked to speak with him; that Blumberg was "blocking" him, "acted like he wasn't going to let me go to the back of the wagon" and that he pushed or brushed him aside and went on through.

Appellant denied that he cursed or struck Blumberg with his fist and denied each of the remarks attributed to him by Blumberg and Cochran, another police officer.

Officer Toudouze corroborated appellant's version of the affair and testified that he ordered the release of the prisoners when both officers Blumberg and Cochran advised him that they had not seen the Negroes gambling and had not gotten any dice or money from them.

There was no testimony to the effect that any person was engaged in exhibiting or keeping a banking game for the purpose of gaming, the state's evidence going no further than to show that officers Blumberg and Cochran saw a group of Negroes engaged in a dice game with money and dice

Appellant prepared nine bills of exception, eight of which being refused, the trial judge filed his bills in lieu thereof. Appellant being dissatisfied with the court's bills, then filed eight bystanders bills, each of which was controverted by the state.

These bills and the affidavits controverting and supporting them are before us.

In the trial court's bill No. 2, as well as bystanders' bill No. 2, it is shown that in his closing argument to the jury the assistant district attorney said:

"Gentlemen of the jury, we have worked hard on this case. It is a sordid mess. Our investigation has shown that there is a lot more to it than you gentlemen have been told about."

And in the court's bill No. 3, and bystanders' bill of the same number, it is shown that the same attorney for the state said in argument:

"Gentlemen of the jury, Officer Toudouze says that Polk Palmer went into the Be Bop Club after the assault, to get a drink. But you know that he really went there to collect from the gamblers for the protection he had given them that night, and to reap the spoils of his act."

The trial court sustained the objection to each of said remarks and instructed the jury to disregard the same, and admonished counsel that there was no evidence of "pay offs."

The controversy between the trial court and appellant in regard to Bills of Exception Nos. 2 and 3 appears to have been on the question of whether or not appellant excepted to the remarks notwithstanding the trial court's action in sustaining his objection and instructing the jury as requested.

Appellant's bills of exception are supported by affidavit of three persons, but the state has filed a controverting affidavit of a bystander to the effect that no exception was reserved as claimed in the bystanders' bill. In determining that it is our duty to consider the bystanders' bill, we have considered the fact that though the court's bill certified that the remarks complained of were in substance made, as stated in the bystanders' bill, the state's controverting affidavit is to the effect that the remarks complained of were not in fact made by the attorney for the state.

Appellant was charged only with assaulting officer Blumberg.

The statements attributed to appellant at the time of the assault were however admissible as res gestae, and the state was therefore entitled to argue for a severe penalty based upon such testimony.

But there being no evidence to the effect that a banking game was being exhibited or that appellant was there to collect "a pay off" from the gamblers, it was error for the state to bring such fact before the jury in argument.

In Palmer v. State, 148 Tex. Cr. R. 39, 184 SW (2d) 471, this court, speaking through HAWKINS, P.J., said:

"Particular cases are of little aid in solving a question here presented. In dealing with alleged improper arguments and the effect of their withdrawal from the jury general principles may be stated, but after all, the argument, to cause a reversal must not only be improper, but must be of a material character, and calculated under the circumstances of the particular case to injure the accused. Todd v. State, 93 Tex. Cr. R. 553, 248 SW 695. It was said in Gatlin v. State, 113 Tex. Cr. R. 247, 20 SW (2) 431, 435: 'it is the duty of this court, and the due and proper administration of justice demands, that not the words alone shall control, but, in estimating the argument of which there is complaint upon appeal, the nature of the offense, the evidence adduced, and the verdict rendered, are essential elements.' It follows that the same argument under certain circumstances would not be improper, or might be withdrawn, whereas, under other circumstances a contrary rule would obtain. In applying the principles suggested to the present case the entire record before us should be considered."

In view of the entire record and the severe penalty assessed, the improper argument requires that the conviction be set aside, notwithstanding the trial court's effort to withdraw the remarks from the jury.

The judgment is reversed and the cause remanded.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

The state, through her criminal district attorney, has urged us to reconsider our holding, contending that the matters raised by Bill of Exception No. 3 show no error because no exception was reserved. The rule in this court is the same as that in civil cases when such a question arises.

When a bystanders' bill of exception is filed and the state controverts the same by affidavits, we decide the issue raised from the affidavits.

The bystanders' bill states simply that the argument was made, that an objection was made, and an exception reserved. This was supported, as the law requires, by the affidavits of three disinterested bystanders.

The controverting affidavit, as we construe it, states, first, that the argument was *not* made; second, that no objection or exception was taken; third, that the evidence supported the *argument;* and, fourth, that the *argument* was invited.

In view of what appears to us to be a discrepancy in the controverting affidavit, we have decided to accept the bystanders' bill of exception. Since it shows that the assistant district attorney's argument was manifestly improper and prejudicial and injected into the case some new and harmful fact not theretofore in evidence, the state's motion for rehearing is overruled.