ANN GOOCH, *with aliases* v. STATE

No. 32,310. November 23, 1960

WOODLEY, Judge, dissented.

*Schleyer and Bartram,* by *J. H. Schleyer,* New Braunfels, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

*Wallace S. Barber,* Dist. Atty, San Marcon and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, 4 years.

We are confronted in this case with the rather unpleasant task of deciding between two sets of bystanders' bills which raise the question of whether or not the district attorney commented on appellant's failure to testify.

In the court's bill, he sets forth the argument as he remembers it and then concludes with this sentence, "At no other time was there any reference by any attorney during the course of argument to the failure of the defendant, Ann Gooch, to testify in the trial of this cause." This bill is supported by the affidavits of seven bystanders; most of them recite that *they did not hear* the district attorney say, "The Defendant on trial never denied such admission."

The strongest affidavit from the state's standpoint is that of juror Slater which recites the argument as he remembered it and concludes with this sentence, *"At that time* the Distirct Attorney

had not said, 'The Defendant on trial never denied such admission.' "

The state, through her district attorney, filed a bystanders' bill in which he recites, though he does not acknowledge under oath, what his argument was, and the offending sentence is not included.

On the other hand, we have five affidavits in the form of appellant's bystanders' bills which recite unequivocably that the prosecutor in his argument said, "The Defendant on trial never denied such admission."

We must decide this case from the bystanders' bills. Palmer v. State, 157 Tex. Cr. Rep. 96, 246 S.W. 2d 893.

Though not without difficulty, we have concluded that we must accept the affidavits of the five persons who were present and who swear that such statement was made.

This being so, reversible error is reflected by the prosecutor's comment upon the failure of the accused to testify, and the case must be reversed and remanded.

It is so ordered.

WOODLEY, Judge, (dissenting).

The order which should be entered in this cause at this time is that which two of the judges of this court, in vacation, prevented the trial judge from entering; that is, an order requiring the clerk of the trial court to forward a supplemental transcript containing the state's and Court's Bystanders Bills.

Such an order would serve no useful purpose, however, unless the state was permitted or directed to withdraw the original bills which were filed in this court pursuant to the majority opinion in Ann Gooch, Relator vs. J. R. Fuchs, Respondent, No. 32,441, (Page ——. This volume.) 339 S.W. 2d 202, and to strike there-339 S.W. 2d 202, and to strike therefrom two of the seven affidavits maintaining the truth of the trial court's version.

Rule 372(g), Texas Rules of Civil Procedure, limits the number of affidavits from which the appellate court shall determine the truth of bystanders bills of exception to "not exceeding five in number on each side."

I am aware of no authority for the consideration of the State's or Court's Bystanders Bills and supporting affidavits which are not included in the transcript on appeal, and which do not comply with the rule limiting each side to five bystanders' affidavits.

I respectfully dissent.