Calvin WOODKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53036.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

856

Lynn S. Patton, Longview, for appellant.

Sam Baxter, Dist. Atty., Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for capital murder. Punishment was set at death.

The record reflects that appellant robbed Jimmy Kuykendall at gunpoint of approximately $90.00 on the night of November 21, 1973, in Marshall. The robbery occurred after appellant and two companions, Douglas Pilot and Ruby Hicks, had forced Kuykendall into his vehicle. After the money was taken, the appellant shot and killed Kuykendall by shooting him once in the chest and once in the back. The deceased was removed from the car and dragged to a ditch by appellant. Pilot drove the deceased's car until a short time thereafter when he failed to make a turn. Appellant

and his companions abandoned the wrecked vehicle, walked back to town and divided the money taken from Kuykendall.

At the outset, appellant contends that the court erred in failing to instruct the jury that they might find appellant guilty of the offense of robbery by firearms "which under the facts of the case and under the law constituted a lesser and included offense."

The indictment alleged that the offense occurred on or about November 21, 1973. Thus, the indictment in the instant case was bottomed on Art. 1257(b)(2), V.A.P.C., which provided that the punishment for murder with malice aforethought shall be death or imprisonment for life if:

> "the person intentionally committed the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, forcible rape, or arson; . . . ."

It appears to be the position of appellant that since it was necessary for the jury to find he committed the robbery before they could find him guilty of capital murder under Art. 1257(b)(2), supra, he was entitled to a charge which would have given the jury the option of finding him guilty of robbery. We do not agree. In *Graves v. State*, Tex.Cr.App., 539 S.W.2d 890, this Court held that a conviction for involuntary manslaughter, where the victim was struck by a vehicle, was not barred, under doctrine of double jeopardy, by a prior conviction for driving while intoxicated arising out of the same transaction. See and cf. *Day v. State*, Tex.Cr.App., 532 S.W.2d 302.

To hold that robbery was a lesser included offense of capital murder under 1257, supra, simply because it was incumbent on the State to prove the element of robbery in establishing capital murder would be an impermissibly broad extension of the law governing lesser included offenses. See the concurring opinion of Judge Odom in *Graves v. State*, supra, relative to interpretation of Art. 37.09, V.A.C.C.P.

Appellant contends that the court erred in failing to exclude his alleged confession, "when same was not given in compliance with Article 38.22, Code of Criminal Procedure."

Appellant was taken before the judge who ultimately tried this case after his arrest and it is undisputed that the judge advised appellant of his rights in accordance with the requirements of Art. 15.17, V.A.C.C.P. While appellant recognizes that it would require an extension of present law, it is urged that a district judge, recognizing the seriousness of the instant offense, should have appointed a lawyer at the time appellant was advised of his rights ". . . to immediately counsel with the Defendant regarding his rights and to make certain that these rights were fully understood by the Defendant." No request was made for counsel. Appellant urges that the appointment of counsel by the court sua sponte would be in the spirit of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and in compliance with Sixth Amendment rights under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. We do not agree and reject appellant's contention that the confession should not have been admitted for the reason advanced herein.

Appellant contends that the prosecutor committed reversible error by injecting his own beliefs and conclusion in arguing to the jury.

The first complaint voiced is directed to an argument where the prosecutor appears to be discussing the court's charge with the jury. The record reflects that the following occurred:

> "The first page primarily tells you that—what malice aforethought is, and remember, the defendant has been charged with murder with malice aforethought, this describes it. It has just one of the unique definitions, that of 'presently bent on mischief' which I certainly think applies in this case. But it tells you primarily—
> "MR. PATTON [defense counsel]: Now, your Honor, we object to what Mr. Baxter says and what he thinks applies in

this case, your Honor, that amounts to unsworn testimony on the part of this prosecutor, and we would request that the jury be instructed to disregard his comment in that regard, your Honor.

"MR. BAXTER [prosecutor]: Your Honor, I am certainly entitled to tell the Jury what my theory of the law and the facts are.

"THE COURT: Objection is overruled. You may have your exception."

Appellant relies on *Palmer v. State*, 157 Tex.Cr.R. 96, 246 S.W.2d 893, for the proposition that counsel should confine themselves in argument to evidence contained in the trial and should not bring outside influence to bear upon the jury in order to obtain a conviction. In *Baldwin v. State*, Tex.Cr.App., 499 S.W.2d 7, cited by appellant, this Court admonished prosecutors that it was improper to argue, "I think that he's guilty."

The prosecutor's argument that he thinks that the definition "presently bent on mischief" applies to this case does not fall within the prohibition of either *Palmer v. State*, supra, or *Baldwin v. State*, supra. It would appear to be nothing more than a deduction from the evidence. Assuming, arguendo, that the argument can be characterized as expressing an opinion of the prosecutor, we fail to perceive how such statement would be so prejudicial to appellant as to require reversal.

■ Appellant's next complaint concerning the argument of the prosecutor is reflected by the following, which took place during the prosecutor's argument:

"Then we put Ruby Hicks on the stand, I think you are probably going to hear about Ruby from Mr. Patton. He is going to call her everything in the book. I told you on the stand, when you were up there being questioned as a juror, that Ruby had been granted immunity, that Ruby is not going to be charged in this case, and that's right. I tell it to you again. She is not. But if it were not for Ruby, this crime would have gone unsolved, because she—

"MR. PATTON: Your Honor, now we object to this, that is completely irrelevant, it amounts to unsworn testimony by the Prosecutor, it is not proper, and we request the jury be instructed to disregard it, your Honor.

"THE COURT: Ladies and Gentlemen, in this case, as in all cases, and the court has so instructed you, you will make your decision based solely on the sworn testimony which you have heard from the witness stand. Now Mr. Baxter has stated that what he says is not evidence, and I want to reiterate that what he says is not evidence. And what Mr. Patton says later on is not evidence. However, they do have the right to draw inferences from the evidence, but the ultimate inference is to be drawn by the Jury and that is you ladies and gentlemen. And with that instruction, I am going to allow Mr. Baxter to proceed. Mr. Baxter, proceed—and your objection is overruled.

"MR. PATTON: Your Honor, we would further object that there is no testimony to that effect, and again request that the jury be instructed to disregard it.

"THE COURT: The objection is overruled."

Ruby Hicks, one of appellant's two companions on the occasion of the robbery and shooting of the deceased, was granted immunity and testified for the State. She gave an eyewitness account of all the events which occurred on the occasion in question. Appellant cites *Stein v. State*, Tex.Cr.App., 492 S.W.2d 548, and *Renn v. State*, Tex.Cr.App., 495 S.W.2d 922, and calls our attention to this Court's emphasis in those opinions of the critical importance of convicting an accused only upon the evidence presented, without attempting to inflame or prejudice the minds of the jury.

The witness having furnished the only direct evidence of the robbery and shooting, it would appear to be a reasonable deduction from the evidence that the State would *not have had a case without her testimony*. Further, we cannot conclude that the complained-of statement injected anything new

or so harmful as to constitute reversible error.

■ The following occurred during the opening argument of the prosecutor at the punishment stage of the trial:

"I suspect he [deceased] is trying to get out that door. He has heard that gun click once, he knows it is time to bail out. Unfortunately, he didn't make it.

"MR. PATTON: Your Honor, this is total speculation on the part of the District Attorney. There is no evidence to this, and it again amounts to unsworn testimony in matters not properly before this Jury. We ask that the Jury be instructed to disregard it.

"THE COURT: Objection is overruled, Counselor.

"MR. BAXTER: I trust this will not count against my time, your Honor.

"THE COURT: I am going to give you a little extra time, Mr. Baxter.

"MR. PATTON: Well, your Honor, I object to that as being a comment or a criticism of making objections, your Honor.

"THE COURT: Let the record show the objection. It is overruled."

The thrust of appellant's complaint appears to be directed to the prosecutor's comment, "I trust this will not count against my time, your Honor," and the court's response, "I am going to give you a little extra time, Mr. Baxter."

Appellant urges that the foregoing constituted an effort of the prosecutor to strike at appellant over his counsel's shoulder and argues that the court's granting prosecutor's request for additional time for argument further compounded the error. Appellant relies on *Anderson v. State*, Tex.Cr. App., 525 S.W.2d 20, and quotes from our opinion in *Anderson*, where it is stated:

"The prosecutor's criticism of defense counsel and the request for more time to argue because defense counsel was allegedly making frivolous objections were not justified and were highly improper.

Instead of agreeing with the prosecutor, the court should have admonished the prosecutor against making such unwarranted statements."

A review of *Anderson* reflects that the criticism of defense counsel went far beyond asking for additional time because of time taken for defense counsel's objections. This Court pointed to the fact that the prosecutor had argued that defense counsel would lie to the jury, that defense counsel was trying to pull the wool over the jury's eyes, criticized counsel for making frivolous objections, implied that the rules were different for the prosecutor than the defendant and argued that counsel did not have guts enough to argue that the defendant was not guilty. See *Boyde v. State*, Tex.Cr. App., 513 S.W.2d 588; *Lopez v. State*, Tex. Cr.App., 500 S.W.2d 844; *Bray v. State*, Tex.Cr.App., 478 S.W.2d 89.

We do not find that the prosecutor's request for additional time in the instant case and the court's reply thereto constitute reversible error.

■ Appellant contends that the court erred in not granting his motion for mistrial after it was brought to the court's attention that the first three witnesses had testified without the jury having been sworn as required by Art. 35.22, V.A.C.C.P.

After it was brought to the court's attention by the clerk that the jury had not been sworn in accordance with Art. 35.22, supra, the appellant moved for a mistrial and the same was overruled by the court. After the oath was administered to the jury, the court carefully explained to the jury that the only reason it was allowing the State to recall the witnesses was the court's failure to have the oath administered at an earlier time, ". . . and I want you to fully understand that the reason for this is not to re-emphasize the testimony. . . ." The record reflects that immediately after the name of the first witness was recalled by the State, the appellant and his counsel entered into a stipulation that the testimony of the three witnesses, direct and cross-

examination, might be considered by the jury without the necessity of recalling the witnesses and having them again testify.

In *Patterson v. State*, Tex.Cr.App., 416 S.W.2d 816, it was held not to be an abuse of discretion where the court allowed the State to re-open after it was discovered that the jury had not been sworn and the court carefully explained to the jury the necessity of recalling the witnesses and properly admonished them that the testimony was not being reheard for emphasis.

Appellant appears to be urging that the fact that the instant case is a capital offense distinguishes it from *Patterson v. State*, supra.

The matter of allowing the State to re-open is discretionary. *Patterson v. State*, supra; *Adams v. State*, 154 Tex.Cr.R. 92, 221 S.W.2d 264. No abuse of discretion is shown in the instant case.

■ Appellant contends, "the court erred in allowing to be admitted into evidence over the objection of the defendant, color photographs showing the deceased which went to prove no disputed issue of fact and were introduced solely and only for the purpose of enraging and inflaming the minds of the jury."

A color photograph of the deceased lying on the ground at the place where his body was discovered was admitted into evidence over appellant's objection. The photograph shows what was identified as blood on his face. It is not suggested that the body had been altered in any manner from the condition in which it was found. Since a verbal description of the body and scene would have been admissible, a picture depicting the same is admissible. *Martin v. State*, Tex.Cr.App., 475 S.W.2d 265; *Bailey v. State*, Tex.Cr.App., 532 S.W.2d 316; *Vasquez v. State*, Tex.Cr.App., 532 S.W.2d 338; *Sloan v. State*, Tex.Cr.App., 515 S.W.2d 913.

■ Appellant contends that the court erred in admitting the testimony of Malcolm Halton at the punishment stage of the trial after it was shown that he was not familiar with appellant's reputation in the community.

Appellant urges that police officer Halton based his opinion of appellant's reputation solely on a discussion of the instant offense.

At a hearing outside the presence of the jury, it was developed that Halton had arrested appellant on "several different occasions," "had several calls on him concerning misconduct," and had discussed appellant's reputation with other officers. Halton stated that his discussion of appellant's reputation with other officers was one of the bases upon which his opinion of appellant's reputation was formed.

There is nothing to show that the testimony of the witness Halton was based solely upon a discussion of the instant offense. See *Pogue v. State*, Tex.Cr.App., 474 S.W.2d 492; *Frison v. State*, Tex.Cr.App., 473 S.W.2d 479; *Proctor v. State*, Tex.Cr. App., 503 S.W.2d 566. No error is shown.

■ Appellant also urges that the testimony of Ivory Sparks as to appellant's bad reputation was inadmissible in that it was shown that the witness was not familiar with appellant's reputation in the community. Sparks testified that she had talked to several friends about appellant after appellant tried to rape her daughter. Upon further questioning, the witness could only name Patricia Harris and her father as people with whom she had such discussions. We cannot agree that such testimony reflects that the witness had no knowledge of appellant's reputation other than that which she might have gained through a discussion of the instant case. Further, we reject appellant's argument that the record shows that the witness had not spoken with members of the community concerning appellant's reputation. See *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844. No error is shown.

■ Appellant urges that the court erred in allowing the State to strike for cause prospective jurors who expressed an inability to give consideration to the assessment of the death penalty.

At the outset, we reject appellant's argument that allowing the State to challenge for cause denies the appellant an equal opportunity to take the same number of strikes and denies a defendant due process of law by giving the State an unfair advantage to challenge for cause. Suffice it to note that appellant had the right to challenge for cause any juror who could not give the minimum punishment. Both the appellant and the State had the right to have jurors who believe in the full range of punishment. We perceive no error. It would appear to be appellant's position that there is no reason for the disqualification of prospective jurors on the death penalty issue since the jurors do not know the effect of their answers under our new statutory scheme providing for the imposition of the death penalty. This argument was answered adversely to appellant in *Hovila v. State*, Tex.Cr.App., 532 S.W.2d 293.

Appellant complains of the court's action in excusing prospective jurors Jackson, Dean, McCrary, Robinson and Culberson.

Prospective juror Jackson stated that he believed, "Thou shalt not kill," that it would be the same thing as his "pulling the trigger," and that he could not think of a case in which he could ever vote to impose the death penalty.

Prospective juror Dean stated that the knowledge that there were only two possibilities in assessing punishment, life imprisonment and death, would affect his deliberations on any issue of fact.

The record reflects the following examination of prospective juror McCrary:

"Q. Can you conceive, Mr. McCrary, of any fact situation where you would consider the giving of the death penalty?

"A. Under no circumstance.

"Q. Ever, in any case?

"A. No, sir."

After prospective juror Robinson stated that the possible punishment of life or death would not affect his deliberations, he responded to further questioning that under the worst case he could possibly think of he could not vote for the death penalty.

Prospective juror Culberson stated that there was not any case he could think of where he would consider giving the death penalty.

In *Hovila v. State*, supra, this Court held that the holding of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968),[1] was still alive and well in light of the new statutory scheme providing for the imposition of the death penalty.

◼ Prospective jurors Jackson, McCrary, Robinson and Culberson were not excused in violation of the standards of *Witherspoon*. See *White v. State*, Tex.Cr. App., 543 S.W.2d 104 (1976); *Moore v. State*, Tex.Cr.App., 542 S.W.2d 664 (1976).

◼ Prospective juror Dean was disqualified under the provisions of V.T.C.A. Penal Code, Sec. 12.31(b),[2] when he stated that the knowledge that the penalty would be life imprisonment or death would affect his deliberations on any issue of fact. See *Moore v. State*, supra; *Whitmore v. State*, Tex.Cr.App., (No. 52,325, Oct. 13, 1976).

◼ Lastly, appellant contends that "The Court erred in that Article 1257, of the Penal Code of the State of Texas is

---

1. In *Witherspoon*, the Supreme Court said:

"Specifically, we hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientiousness or religious scruples against its infliction. No defendant can constitutionally be put to death at the hands of a tribunal so selected."

2. V.T.C.A. Penal Code, Sec. 12.31(b), provides:

"Prospective jurors shall be informed that a sentence of life imprisonment or death is mandatory on conviction of a capital felony. A prospective juror shall be disqualified from serving as a juror unless he states under oath that the mandatory penalty of death or imprisonment for life will not affect his deliberations on any issue of fact."

unconstitutional in that it allows a death penalty to be imposed and carried out under statutory schemes which permit arbitrary, rare and discriminatory use, and is in violation of the Eighth Amendment to the United States Constitution, in that it provides for cruel and unusual punishment."

Appellant's contentions were answered adversely to him by the United States Supreme Court in *Jurek v. Texas,* —— U.S. ——, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). See also *Gregg v. Georgia,* —— U.S. ——, 96 S.Ct. 2909, 49 L.Ed.2d 859; *Profitt v. Florida,* —— U.S. ——, 96 S.Ct. 2960, 49 L.Ed.2d 913.

The judgment is affirmed.

Opinion approved by the Court.