# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00188-CR

**Willie Ray Houston, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 2044076, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Willie Ray Houston appeals his conviction after a bench trial for felony driving while intoxicated. In a single point of error, appellant complains that, after the State had rested, the trial court permitted the State to reopen the evidence to admit evidence of prior convictions alleged in the indictment to support the enhancement to a felony-level conviction. Appellant contends that the trial court was biased and acting as prosecutor in permitting the State to reopen its case for additional evidence, in violation of appellant's due process rights. Because the trial court did not abuse its discretion, we affirm the judgment of conviction.

Austin Police Officer Robert Higgins stopped appellant from driving out of a gas station on August 31, 2004, after receiving information from the store clerk that appellant might be

intoxicated. Following a field sobriety test and after exhibiting symptoms of intoxication, appellant was placed under arrest. He was indicted for felony driving while intoxicated as enhanced by four prior convictions. *See* Tex. Pen. Code Ann. §§ 49.04, .09(b)(2) (West Supp. 2005).[1] At the close of the State's case, the State waived closing argument except to respond to appellant's closing argument. Appellant then argued that the State had failed to prove intoxication. He also argued that, as the State had failed to present any evidence regarding the enhancement paragraphs of the indictment, the court should find appellant guilty only of the misdemeanor offense of driving while intoxicated. The court then asked whether the State "wish[ed] to respond." After some initial confusion, the following colloquy occurred:

The Court: What about the evidence of the other convictions? You aren't going to put those in evidence?

[State]: Yes, Your Honor.

The Court: All right. I was going to say: Why don't you move to reopen to put in—at this time has the State put on any evidence of any of these other convictions in this—in the packet?

[State]: We thought they were included within that packet, Your Honor, based on his pen trip [sic] with the—

The Court: This covers the one that's the—this thing over there, but it only covers one of these four. You might want to look that over. That covers the

---

[1] We will refer to the current section 49.09(b)(2) in the penal code, as it remained unchanged in the most recent amendments to this section. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 996, §§ 1, 3, 2005 Tex. Gen. Laws 3365, 3365-3366.

one that the State alleges they wish to use to boost this from a third to a second, but is there underlying ones—

[State]: I understand what you're saying, Your Honor.

The Court: —that boost it to a felony third, there's only one of them. You might want to take a look at that.

The State then sought to reopen the evidence to offer the other judgments. The court granted the State's request. The State then offered into evidence and the court admitted State's Exhibits 3 through 6, which contained evidence of additional convictions. Appellant objected generally to the State's reopening but not to the exhibits. The court overruled appellant's objection. The court then gave appellant additional time to present his argument. The court found appellant guilty of the offense of driving while intoxicated, a third-degree felony as enhanced by at least two prior convictions.

From this colloquy, appellant argues that—in this bench trial—the court exhibited bias in permitting the State to reopen and introduce evidence after the parties had closed. Appellant urges: "This was, truly, the trial judge's *sua sponte* motion to reopen and put on evidence the judge thought was necessary to secure a felony conviction. To put it another way, the judge made sure the Appellant did not win, demonstrating his bias in favor of a conviction."

Article 36.02 of the Texas Code of Criminal Procedure marks the limit beyond which no court is authorized to allow the introduction of testimony. It provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981); *see Allman v. State*, 164 S.W.3d 717, 719 (Tex. App.—Austin 2005, no pet.). As an initial

3

matter, the parties had not concluded argument. The State was not precluded by article 36.02 from seeking to reopen its evidence.

In considering allegations of judicial bias, the Supreme Court has determined that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A trial court has the inherent power to control the disposition of cases with economy of time and effort, *id.* at 556; *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), as well as to aid in the exercise of its jurisdiction, in the due administration of justice, and in the preservation of its independence and integrity. *See* Tex. Code Crim. Proc. Ann. art. 36.02; *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). The trial court has discretion to maintain control of the proceedings before it, to expedite the proceedings, and to prevent what it considers to be the unnecessary use of its time or resources. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001).

Allowing a party to reopen the evidence is a matter within the sound discretion of the court. *E.g.*, *Woodkins v. State*, 542 S.W.2d 855, 861 (Tex. Crim. App. 1976) (no abuse of discretion shown in allowing State to reopen evidence); *Perry v. State*, 464 S.W.2d 660, 662 (Tex. Crim. App. 1971) (same); *Berry v. State*, 442 S.W.2d 713, 715 (Tex. Crim. App. 1969) (no abuse of discretion in court permitting State to reopen and introduce additional evidence before charge read to jury); *Patterson v. State*, 416 S.W.2d 816, 821 (Tex. Crim. App. 1967) (same).

Applying these principles to this case, and after examining the judge's conduct in the context of the entire, albeit brief, record, we conclude there is no evidence of judicial bias. The

record before this court reflects that the trial court acted within its sound discretion. We overrule appellant's sole point of error and affirm the judgment.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   November 29, 2005

Do Not Publish