# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============================

## ON MOTION FOR REHEARING

===============================

## NO. 03-05-00188-CR

**Willie Ray Houston, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 2044076, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In response to appellant's motion for rehearing, we overrule the motion, withdraw our opinion and judgment issued on November 29, 2005, and substitute the following opinion. Willie Ray Houston appeals his conviction after a bench trial for felony driving while intoxicated. In a single point of error, appellant complains that, after the State had rested, the trial court permitted the State to reopen the evidence to admit evidence of prior convictions alleged in the indictment to support the enhancement to a felony-level conviction. Appellant contends that the trial court was biased and acting as prosecutor in permitting the State to reopen its case for additional evidence, in

violation of appellant's due process rights. Because the trial court did not abuse its discretion, we affirm the judgment of conviction.

Austin Police Officer Robert Higgins stopped appellant from driving out of a gas station on August 31, 2004, after receiving information from the store clerk that appellant might be intoxicated. Following a field sobriety test and after exhibiting symptoms of intoxication, appellant was placed under arrest. He was indicted for felony driving while intoxicated as enhanced by four prior convictions. *See* Tex. Pen. Code Ann. §§ 49.04, .09(b)(2) (West Supp. 2005).[1] At the close of the State's case, the State waived closing argument except to respond to appellant's closing argument. Appellant then argued that the State had failed to prove intoxication. He also argued that, as the State had failed to present any evidence regarding the enhancement paragraphs of the indictment, the court should find appellant guilty only of the misdemeanor offense of driving while intoxicated. The court then asked whether the State "wish[ed] to respond." After some initial confusion, the following colloquy occurred:

> The Court: What about the evidence of the other convictions? You aren't going to put those in evidence?
>
> [State]: Yes, Your Honor.
>
> The Court: All right. I was going to say: Why don't you move to reopen to put in—at this time has the State put on any evidence of any of these other convictions in this—in the packet?
>
> [State]: We thought they were included within that packet, Your Honor, based on his pen trip [sic] with the—

---

[1] We will refer to the current section 49.09(b)(2) in the penal code, as it remained unchanged in the most recent amendments to this section. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 996, §§ 1, 3, 2005 Tex. Gen. Laws 3365, 3365-3366.

The Court: This covers the one that's the—this thing over there, but it only covers one of these four. You might want to look that over. That covers the one that the State alleges they wish to use to boost this from a third to a second, but is there underlying ones—

[State]: I understand what you're saying, Your Honor.

The Court: —that boost it to a felony third, there's only one of them. You might want to take a look at that.

The State then sought to reopen the evidence to offer the other judgments. The court granted the State's request. The State then offered into evidence and the court admitted State's Exhibits 3 through 6, which contained evidence of additional convictions. Appellant objected generally to the State's reopening but not to the exhibits or to the judge's conduct. The court overruled appellant's objection. The court then gave appellant additional time to present his argument. The court found appellant guilty of the offense of driving while intoxicated, a third-degree felony as enhanced by at least two prior convictions.

From this colloquy, appellant argues that the court exhibited bias in first suggesting and then permitting that the State reopen and introduce evidence after the parties had closed. Appellant urges: "This was, truly, the trial judge's *sua sponte* motion to reopen and put on evidence the judge thought was necessary to secure a felony conviction. To put it another way, the judge made sure the Appellant did not win, demonstrating his bias in favor of a conviction."

The State argues that appellant failed to preserve error. The general rule is that counsel must object to trial court comments made during trial in order to preserve error. *See* Tex. R. App. P. 33.1. Appellant does not contend that he made a timely objection, thereby preserving error; rather, citing *Gamez v. State*, he contends that the error cannot be waived. 737 S.W.2d 315, 318 (Tex.

3

Crim. App. 1987). In *Gamez*, the issue was whether the trial judge should have been absolutely disqualified from presiding over the defendant's trial because he had served as counsel for the State in the case. After an evidentiary hearing, the court determined that the trial judge had not served as counsel in the case and there was no reason to disqualify him. Because the provision prohibiting a judge from sitting in any case in which he had served as counsel for the State or the accused was mandatory, it was not necessary that an objection be made. *See* Tex. Const. art. V, § 11; Tex. Code Crim. Proc. Ann. art. 30.01 (West Supp. 2005); *Holifield v. State*, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976). Appellant does not assert that the trial judge was subject to disqualification pursuant to the statutory provision. Rather, he asserts that the judge intruded into the process, serving both as prosecutor and fact-finder.

In *Blue v. State*, 41 S.W.3d 129, 130 (Tex. Crim. App. 2000) (plurality op.), the trial court made comments in front of the jury that demonstrated he was not fair or impartial. A majority of the court of criminal appeals concluded that his comments "vitiated the presumption of innocence" before the venire, adversely affecting the defendant's right to a fair trial. Because the comments tainted the defendant's presumption of innocence in front of the venire, the majority held that it was fundamental error of constitutional dimension and required no objection. *Id*. at 132. In a concurring opinion, another judge wrote that the right at issue was the fundamental right to an impartial judge and, as such, no objection was required. *Id*. at 138 (Keasler, J., concurring). Thus, the issue in *Blue* concerned the influence the trial judge has on a jury and the effect of the trial judge's comments. Even if we were bound to follow the plurality opinion in *Blue*, none of the court's comments here rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury.

4

The facts in *Blue* are also readily distinguishable from those here in that the comments were delivered to the venire. There was no jury present here and the case was tried to the bench. Moreover, a timely objection could have prevented the trial judge from conveying the "suggestions" appellant now complains of on appeal. The judge's comments do not rise to the level of fundamental error. Appellant is not relieved of his obligation to preserve error.

In addition, appellant provides no authority for the proposition that the facts in this case rise to a violation of his due process rights. *See* Tex. R. App. P. 38.1(h). Appellant failed to preserve the issue of judicial bias during trial, and he has failed to provide any authority allowing this claim to be raised on appeal without preservation. In the interest of justice, we will address the merits of the issue.

Article 36.02 of the Texas Code of Criminal Procedure marks the limit beyond which no court is authorized to allow the introduction of testimony. It provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981); *see Allman v. State*, 164 S.W.3d 717, 719 (Tex. App.—Austin 2005, no pet.). As an initial matter, the parties had not concluded argument. The State was not precluded by article 36.02 from seeking to reopen its evidence.

In considering allegations of judicial bias, the Supreme Court has determined that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The trial court has broad discretion to maintain control of the proceedings before it and to expedite the proceedings, *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001), as well as to aid in the exercise of its jurisdiction, in the due administration

5

of justice, and in the preservation of its independence and integrity. *See* Tex. Code Crim. Proc. Ann. art. 36.02; *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979).

Allowing a party to reopen the evidence is a matter within the sound discretion of the court. *E.g.*, *Woodkins v. State*, 542 S.W.2d 855, 861 (Tex. Crim. App. 1976) (no abuse of discretion shown in allowing State to reopen evidence); *Perry v. State*, 464 S.W.2d 660, 662 (Tex. Crim. App. 1971) (same); *Berry v. State*, 442 S.W.2d 713, 715 (Tex. Crim. App. 1969) (no abuse of discretion in court permitting State to reopen and introduce additional evidence before charge read to jury); *Patterson v. State*, 416 S.W.2d 816, 821 (Tex. Crim. App. 1967) (same).

Applying these principles to this case, and after examining the judge's conduct in the context of the entire, albeit brief, record, we conclude there is no showing of judicial bias even though the judge's suggestion of reopening was not proper. The record before this court reflects that the trial court acted within its discretion. See *Jasper*, 61 S.W.3d at 421. We overrule appellant's sole point of error and affirm the judgment.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   February 24, 2006

Do Not Publish

6