THOMAS BUSH V. STATE

No. 34,598.   May 30, 1962
Motion for Rehearing Overruled June 30, 1962

*Bob Tarrant* and *W. E. Martin* (on appeal only), Houston, for appellant.

*Frank Briscoe,* District Attorney, *Walter A. Carr, Neil Mc-Kay,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is kidnapping for extortion under Article 1177a, V.A.P.C.; the punishment, 25 years.

The prosecuting witness Bonnie Fay Greer, a strip tease artist, testified that one "Honey Bee" Johnson, another member of her same school of dancing, was present on the night charged in the indictment and saw her receive $150.00 in payment for one week's work, that Honey Bee invited her to join a party, and that she agreed. She stated that they left her place of employment in a convertible automobile and drove to another address in Houston, where they were joined by one Regina Landig and, as they were driving away, appellant, whom she did not know, jumped in the front seat, pushed Honey Bee over on her, took the wheel, and, in spite of her pleas to be returned to her place of employment,

drove through the night, ultimately arriving at the city of Victoria. As to disposition of her week's pay, the prosecutrix testified:

"Q. What did you do with the hundred and fifty dollars he gave you?

"A. I put it in my billfold and then put my billfold in my overnight case.

As to what transpired during this trip, we quote the following:

"Q. Do you know what, if anything, happened to your billfold?

"A. Well, I don't know what they were doing with it, but I heard them looking through my identification and he said: 'Hand me that stuff,' and Regina handed it to him and I never saw it anymore.

"Q. And I believe you said you were driving down the highway somewhere and Tommy Bush asked Honey Bee to hand your money back up in the front seat?

"A. He asked Regina and she reached over and got it out of the back and handed it to him."

We need add only that it is apparent from this record that Honey Bee worked for appellant and that the two women (Honey Bee and Regina) were acting upon his command and were in a large measure dominated by appellant.

Prosecutrix finally gained her freedom several days later by means of swimming the Brazos River while her captors were asleep. She was discovered by the officers in a bruised and incoherent condition.

Appellant did not testify or call any witnesses in his behalf.

Without resort to what transpired following the taking of the money, we have concluded that the evidence is sufficient to show that appellant at the moment he entered the convertible in Harris County had the intent to forcibly take away the person of prosecutrix for the purpose of taking her money, as charged in the indictment. The fact that he may have also had the intent, as the evidence clearly indicates, of forcing her to become a prostitute so that he might profit therefrom would in nowise preclude a prosecution for the first offense shown.

Appellant next contends that the court erred in failing to instruct the jury on the law of false imprisonment and to authorize the jury to convict for such offense and not kidnapping.

Though false imprisonment is a lesser included offense to kidnapping under the terms of Article 695, V.A.C.C.P., the necessity for such a charge has been decided adversely to appellant's contention in Daywood v. State, 157 Texas Cr. Rep. 266, 248 S.W. 2d 479. There, we said: "* * * merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser *is not required* unless there is testimony raising the issue that appellant if guilty at all, is guilty *only* of a lesser offense included in the greater offense charged." See also Hale v. State, 164 Texas Cr. Rep. 482, 300 S.W. 2d 75.

Appellant did not testify or call any witnesses in his own behalf, and there was no evidence which would show that, if guilty, he would be guilty *only* of the lesser included offense.

The court in his charge followed the terms of Article 1177a, supra, and the indictment, and we find no merit in appellant's contention that the court erred in failing to give his requested charges.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.