John Michael WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 58062.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 10, 1979.

On Rehearing Oct. 15, 1980.

Ray Montgomery, Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty. and Alvin M. Titus and R. P. Cornelius, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

### I.

After finding the appellant guilty of aggravated robbery, the jury heard evidence on the issue of punishment.[1] The evidence included the testimony of two witnesses that the appellant's reputation in the community for being peaceable and law–abiding was bad. The appellant argues that the trial court should have sustained his objections to the testimony of these witnesses. We agree.

"When the character of a party or of a witness is to be evidenced by reputation . . ., the reputation must itself be proved by a witness qualified by an opportunity to obtain knowledge of it.

"The first step here consists in an application of the general principle . . . that

---

1. The evidence included proof of prior convictions for burglary and robbery. The jury assessed punishment of confinement for 40 years.

a witness must *expressly appear to have had the means of knowledge*, before his testimony can proceed." J. Wigmore, 3 Evidence, Section 691 (J. Chadbourn rev. 1970) (emphasis in original).

"The witness must be able to demonstrate that he is familiar with the defendant's reputation, and competent to speak for the community." J. Weinstein, 2 Evidence, paragraph 405[02] (1979).

This principle, in the form of a requirement that the witness have discussed the defendant's reputation, has been applied frequently by this Court. "Without the requirement of discussion with other members of an accused's community, a witness' testimony concerning the accused's reputation for being a peaceful and law–abiding citizen would be nothing more than an inadmissible opinion." *Mitchell v. State*, 524 S.W.2d 510, 513 (Tex.Cr.App. 1975). The State's first reputation witness failed to meet this first requirement.

Mary Lynn Taylor testified that she once had lived for a few months in Houston. When the State asked her about the appellant's reputation, the appellant objected that no predicate had been laid; the objection was sustained. The State's attempt to lay the predicate was as follows:

"Q (By Mr. Cornelius) Just a minute. Ms. Taylor, you say you know this defendant?

"A Yes, sir.

"Q You have met him?

"A (Witness nods head.)

"Q Have you talked to people who know this defendant?

"A No, sir.

"Q Well, let me rephrase it.

  \* \* \*  Have you talked to any police officers with respect to this defendant?

"A Yes, sir.

\* \* \* \* \* \*

"Q (By Mr. Cornelius) Have you read any documents with respect to this defendant?

"A Yes, sir.

"Q Do you know this defendant's reputation for peacefulness and law abiding in the community in which he lives and with those with whom he associates?

"MR. McCULLOUGH: Object to the question, Your Honor. The predicate is not proper; specifically with regard to the matter of documents; does not lay the predicate for the reputation question.

"THE COURT: That's overruled.

"Q (By Mr. Cornelius) Do you know the reputation?

"A Yes, sir.

"Q Is that reputation good or is it bad?

"A Bad.

"MR. CORNELIUS: We pass the witness." [2]

There was no evidence that the witness had discussed the appellant's reputation with anyone who knew him or with any member of his community. In fact, she denied talking to anyone who knew him. "Talk[ing] to any police officers with respect to this defendant" does not convey that the officers knew anything about the appellant. "Read[ing] any documents with respect to this defendant" is in no way equivalent to discussing his reputation in his community. The appellant's objection to the predicate should have been sustained.

A second requirement of reputation testimony is that bad reputation must not be based solely on a discussion of the alleged events for which the defendant is then being tried. *Stephens v. State*, 128 Tex.Cr.R. 311, 80 S.W.2d 980 (1935). The operation of this rule is illustrated by the opinion on

---

**2.** On cross–examination Taylor testified, "I haven't talked to anybody about him. \* \* \* I never seen [sic] him before." She also volunteered that she knew "[o]nly that he tried to kill me." The trial court instructed the jury to disregard the answer; it refused to declare a mistrial.

which the State relies: *Martin v. State*, 449 S.W.2d 257, 260 (Tex.Cr.App. 1970). There we held that it was proper to admit the reputation testimony of a police officer when it was based on general discussions with other officers and not solely on a discussion of the pending case. In this case, the predicate laid for the State's second reputation witness did not comply with this rule.

F. N. McMillon, "a Houston policeman," testified that he had worked on the investigation of this case. He was asked about the appellant's reputation. Again the appellant successfully objected to the lack of predicate, forcing the State to make the following effort:

"Q (By Mr. Cornelius) Have you had information available to you to read and talk to other people who have worked on this case and associated with this defendant, John Michael Watson?

"MR. McCULLOUGH: Objection, Your Honor. The question directly goes to matters related to this case and that is not a proper predicate for the reputation question.

"THE COURT: That's overruled.

"A Yes, I have."

As well as we can understand this confusing question, it inquired of two things: First, was there information about the appellant available for the witness to read? Even if we assume that the answer implied that the witness actually had read the available information, this is not equivalent to the required discussion of the appellant's reputation; see the holding, above, on the "documents" that Taylor had read.

The second inquiry was whether the witness had talked "to other people who have worked on this case and associated with" the appellant. The appellant's counsel was correct in characterizing this question as "directly go[ing] to matters related to this case," which is not a sufficient predicate. The trial court should have sustained the objection or at least required the State to clarify the matter sufficiently to establish whether the proper predicate existed.

The common law rule of evidence that permits proof of character by reputation, but not by the witness's opinion, has been criticized severely.[3] The modern trend is to enact statutes which permit the witness to give his own opinion.[4] It has been said that courts that adhere to the common law rule, as this Court does,[5] do so because reputation evidence is largely opinion evidence in disguise.[6] If this is true, the evidence must wear a better disguise than the ones produced in this case.[7] For the repeated admission of reputation evidence without a proper predicate, the judgment in this case will be reversed.

## II.

The appellant challenges the sufficiency of the evidence. Unlike the grounds that we have sustained above, this ground would bar a retrial if it were sustained. See *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Therefore we must proceed to consider the sufficiency of the evidence. See *United States v. Meneses–Davila*, 580 F.2d 888, 896 (5th Cir. 1978).

3. See, e. g., C. McCormick & R. Ray, 1 Texas Law of Evidence, sec. 652 (2d ed. R. Ray & W. Young 1956); J. Wigmore, 7 Evidence, sec. 1986 (3d ed. 1940); Slough, "Relevancy Unraveled," 5 Kan.L.Rev. 404, 418 (1957).

4. See F.R.Evid. 405; Cal.Evid.Code, sec. 1102 (West 1966); Uniform Rule of Evidence 405 (1974); Model Code of Evidence rule 306 (1942).

5. See, e. g., *Gholson v. State*, 542 S.W.2d 395, 402 (Tex.Cr.App. 1976).

6. Advisory Committee Note to F.R.Evid. 405. See J. Weinstein, 2 Evidence, para. 405[03] (1979).

7. See also *Mitchell v. State*, 524 S.W.2d 510, 515 (Tex.Cr.App. 1975) (Onion, P. J., concurring) (knowingly calling unqualified reputation witnesses in bad faith).

It appears that the appellant was fleeing from the scene of a fire just after midnight. He knocked on the door of a house and told the teenaged boy who answered the door that he was a sheriff's deputy. When the boy went to get his parents, the appellant entered the house. He was carrying a shotgun, which he pointed at the boy's father (the complainant), and threatened to "blow [the father] all over that wall." The appellant gathered the family in a bedroom and told them to stay there while he searched the house for the suspect he claimed to be chasing. During this search he apparently took the keys to the complainant's automobile. He instructed the family to stay in the house while he went outside to search for the fictitious suspect. The appellant went outside, looked around the house, and was last seen crouching near the complainant's automobile. The complainant heard the sound of his car being started and driven away. Soon a police officer spotted the appellant driving the complainant's automobile, and he made an arrest.

The appellant argues that the evidence may prove aggravated assault and theft (not to mention burglary), but that it fails to prove that he threatened the complainant "while in the course of committing theft of one automobile," as alleged in the indictment. See V.T.C.A., Penal Code, Section 29.01(a).[8] His argument is that the threat ended before the theft began. Neither the facts nor the law supports the argument.

The theft of the automobile fairly can be said to have begun when the appellant took the keys to the automobile. Cf. *Deem v. State*, 167 Tex.Cr.R. 110, 318 S.W.2d 649 (1958) (only one design, impulse, and purpose in taking suit, notwithstanding fact that pants and coat were taken on separate days). At that time, the complainant was confined to his bedroom by the appellant's threats. At the time the theft was completed, the complainant was confined in his house by the appellant's threats. Cf., e. g., *Glasper v. State*, 486 S.W.2d 350 (Tex.Cr. App. 1972) (fact that victim fled before property was taken is inconsequential; but for the assault, there would have been no relinquishment).

Under the former penal code, the requirement was that the actual or threatened violence be antecedent to the theft. *Crawford v. State*, 509 S.W.2d 582 (Tex.Cr.App. 1974). The threat in this case certainly was antecedent to the theft. The intent of the new Penal Code[9] was to retain the proscription of such antecedent violence and to add the proscription of violence accompanying an unsuccessful attempted theft and violence accompanying escape immediately after completed or attempted theft. State Bar Committee on Revision on the Penal Code, *Texas Penal Code: A Proposed Revision* 201 (Final Draft 1970). See *Lightner v. State*, 535 S.W.2d 176 (Tex.Cr.App. 1976). The antecedent threats made by the appellant are proscribed by the present statute as they would have been under the former statute. Cf. *Glasper v. State*, supra. The evidence was sufficient to prove all the elements of the offense.

The judgment is reversed and the cause is remanded.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. After finding that ap-

---

8. "A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control or the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

9. "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." V.T. C.A., Penal Code, Sec. 29.01(1).

pellant had previously been convicted of a felony, the jury assessed punishment at 40 years.

Officer G. N. Pruett, of the Houston Police Department, testified that while on patrol on January 31, 1977, he received a report of a burglary at Smith Auto Sales on Airline Drive in Houston. Pruett arrived at the scene of the burglary at 11:00 p. m. and observed that the building was on fire.

Pruett testified that he saw appellant standing in the parking lot of the building with a rifle. After instructing appellant to put the rifle on the ground, Pruett returned to his patrol car to call the fire department. While in his car, Pruett observed appellant pick up the rifle and run away.

Marvin Currie, his wife, and four sons lived on Aggie Lane in Houston. Their home was approximately one mile from Smith Auto Sales.

Sixteen–year–old Kevin Currie testified that at approximately 12:30 a. m. on February 1, 1977, he heard his dog barking at the back door. When he went to the back door, Currie saw appellant. After opening the back door, appellant told Currie that he had been chasing "a suspect" for three or four miles and wanted to see Currie's parents. Uninvited, appellant entered the house and followed Currie into the parents' bedroom. Appellant was armed with a shotgun.

Appellant informed the family that he was "a sheriff" chasing a suspect. Appellant told Currie's father, Marvin Currie, that he would "splatter him against the wall" if he did not stay back. Appellant then brought the three sons into the parents' bedroom. The family was told to stay in the bedroom while appellant searched the house for the suspect. They were instructed that failure to follow these instructions could result in someone being shot by mistake.

Marvin Currie testified that upon approaching the intruder, appellant threatened, "I'll blow you all over the wall." After appellant had searched the house, he returned to the bedroom and apologized to the family for breaking in and instructed them to remain in the house while he searched for the suspect outside.

Several helicopters were flying over the area of the Currie home with spotlights aimed toward the ground. Although appellant told the family that he was "with them," appellant would duck under the front porch of the Currie home whenever the light from a spotlight came near him.

Currie testified that he observed appellant squatted down near the family car in the driveway. A few moments later, appellant drove the car away. Currie stated that he did not give appellant permission to take the car, and that he must have obtained the keys while searching the house.

Two other members of the Currie family identified appellant as the individual who had entered their home. One son, Kirk, testified that appellant had pointed the shotgun at him and motioned for him to go into his parents' bedroom.

Officer T. W. Reaves, of the Houston Police Department, testified that appellant was arrested after a high speed chase in the Currie's car. Inside the car, Reaves found a .410 gauge shotgun with three shells in the weapon. Appellant had four other shells in his pocket.

Appellant did not testify, nor, did he present any evidence.

In his third ground of error, appellant challenges the sufficiency of the evidence. He maintains that any threat he communicated to Marvin Currie was not used to effectuate the theft of the Currie's automobile. He contends that the threat ended before the theft began.

V.T.C.A. Penal Code, Sec. 29.02, proscribes the offense of robbery in the following manner:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

" . . .

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

■ The robbery in the instant case would be classified as an aggravated robbery by virtue of appellant exhibiting the shotgun. See, V.T.C.A. Penal Code, Sec. 29.03(a)(2). The phrase "in the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. See, V.T.C.A. Penal Code, Sec. 29.01(1).

■ In *Davis v. State*, Tex.Cr.App., 532 S.W.2d 626, the appellant contended that the evidence was insufficient to support the aggravated robbery conviction. In that case, the evidence showed that the complainant's automobile was taken after a knife was pointed at him and he jumped from the car. In finding the evidence sufficient, the Court noted:

"In *Glasper v. State*, Tex.Cr.App., 486 S.W.2d 350, it was stated:

" 'Appellant further argues that since the cash register was taken after the victim fled the scene, there is not a sufficient "nexus" between the antecedent violence and the parting with the property to constitute robbery by assault. We do not agree.

" 'The fact that the victim was able to break free and run for help prior to the actual taking of the cash register is of no consequence. But for the assault and consequential fleeing there would have been no relinquishment of the property. [authorities omitted]'

"While the conviction in *Glasper* was under the old Penal Code, we find nothing in the robbery sections in the new Penal Code under which appellant was tried which would require a departure from the holding in *Glasper*. See V.T.C.A. Penal Code, Sections 29.02 and 29.03. We find our holding in *Glasper* to be dispositive of appellant's contention."

Likewise, we find the evidence in the instant case to be sufficient to support the conviction. Through appellant's intrusion into the Currie house and various threats made to members of the family, he was able to effectuate the theft of the automobile. Appellant's third ground of error is overruled.

In his fifth ground of error, appellant contends that the trial court erred in denying his motion to quash the enhancement paragraph of the indictment. He maintains that the indictment was subject to a motion to quash in that it failed to allege that the prior conviction had become final prior to the commission of the primary offense.

The enhancement paragraph of the indictment alleged in pertinent part that:

"Before the commission of the offense alleged above, on January 21, 1972, in Cause No. 169795, in Harris County, Texas, the Defendant was convicted of the felony of Robbery by Assault."

■ It is not necessary to allege a prior conviction for purposes of enhancement with the same particularity as must be used in charging the original offense. *Hollins v. State*, Tex.Cr.App., 571 S.W.2d 873. This Court has held that the averment in an indictment that a defendant has been convicted is sufficient to charge the finality of the alleged prior conviction. See, *Scott v. State*, Tex.Cr.App., 553 S.W.2d 361. Thus, we find that that allegation that appellant was "convicted" in 1972 was sufficient to allege the finality of that prior conviction for enhancement purposes. No error is shown in the denial of appellant's motion to quash the indictment.

In his fourth ground of error, appellant contends that the trial court erred in failing to submit his specially requested charge on the lesser included offense of aggravated assault. He maintains that while proving that appellant committed an aggravated robbery, the State also proved that he committed an aggravated assault. As noted above, appellant did not testify, nor, did he present any evidence at trial.

The indictment in the instant case alleged in pertinent part that appellant:

" . . . while in the course of committing theft of one automobile owned by Marvin Currie, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a shotgun."

Art. 37.09(1), V.A.C.C.P., provides that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. In establishing the commission of the aggravated robbery, the State also proved an aggravated assault under V.T.C.A. Penal Code, Secs. 22.01(a)(2) and 22.02(a)(3); by proving that appellant intentionally and knowingly threatened Marvin Currie with imminent bodily injury by using a deadly weapon. See, *Mitchell v. State*, Tex.Cr. App., 543 S.W.2d 637.

■ Appellant would be entitled to a charge on aggravated assault if there were testimony that if guilty at all, he was only guilty of the lesser included offense. See, *Eldred v. State*, Tex.Cr.App., 578 S.W.2d 721; *Williams v. State*, Tex.Cr.App., 575 S.W.2d 30. From our examination of the record we can find no evidence which would negate the existence of appellant's theft of the Currie automobile.

We conclude that the evidence at trial established that if guilty at all, appellant was guilty of the charged offense of aggravated robbery. No error is shown in the trial court's refusal to charge on the lesser included offense of aggravated assault. Appellant's fourth ground of error is overruled.

In his first ground of error, appellant challenges the admissibility of testimony by Houston Police Officer F. N. McMillon. The witness testified during the punishment phase that appellant's reputation for being a peaceful and law–abiding citizen was bad. Appellant maintains that McMillon's testimony was based solely upon a discussion of the events surrounding the instant offense.

In attempting to qualify this witness, the prosecutor asked:

"Q. (By Mr. Cornelius) Have you had information available to you to read and talk to other people who have worked on this case and associated with this defendant, John Michael Watson?

"MR. McCULLOUGH (defense counsel): Objection, Your Honor. The question directly goes to matters related to this case and that is not a proper predicate for the reputation question.

"THE COURT: That's overruled.

"A. Yes, I have.

"Q. (By Mr. Cornelius) Do you know the reputation of this defendant for peacefulness and law abiding in the community within which he resides and for those with whom he associates?

"A. Yes.

"MR. McCULLOUGH: Object to it.

"A. Yes, sir.

"Q. (By Mr. Cornelius) Is that reputation good or is it bad?

"A. The reputation is bad."

On original submission, the panel concluded that the above exchange demonstrated that the witness' testimony was based solely upon a discussion of the alleged events for which appellant was being tried. In its Motion for Rehearing, the State maintains that there is no showing that McMillon's testimony was based solely upon the allegations of the instant offense.

■ When a reputation witness testifies that a defendant's reputation is bad, such testimony must not be based solely upon a discussion of the alleged events for which

the defendant is then being tried. *Ellis v. State*, Tex.Cr.App., 543 S.W.2d 135; *Twine v. State*, Tex.Cr.App., 475 S.W.2d 774. However, such testimony has been held to be admissible when it is based both upon a discussion of the offense for which the defendant is being tried and a discussion of matters other than the instant offense. See, *Woodkins v. State*, Tex.Cr.App., 542 S.W.2d 855; *Proctor v. State*, Tex.Cr.App., 503 S.W.2d 566; *Frison v. State*, Tex.Cr. App., 473 S.W.2d 479.

■ In the instant case, appellant did not cross–examine McMillon, nor, did he take the witness on voir dire in an effort to establish that the witness had only discussed the facts of the instant offense. The prosecutor asked the witness whether he had talked to those who had associated with the appellant. The witness was further asked what appellant's reputation was among his associates. Under the state of the record, appellant has not demonstrated that McMillon's testimony was based solely upon a discussion of the instant offense.

We find no error in the trial court overruling appellant's objection that the proper predicate had not been laid for McMillon's testimony. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that a witness was improperly allowed to testify during the punishment phase of the trial. He contends that the proper predicate was not laid for the witness to testify that appellant's reputation as a peaceful and law–abiding citizen was bad.

During the punishment phase, the State called Mary Taylor as a witness. Taylor testified that she had lived in Houston for four months and knew appellant. In attempting to lay the predicate for testimony concerning appellant's reputation, Taylor testified as follows:

"Q. (By Mr. Cornelius) Just a minute.

"Ms. Taylor, you say you know this defendant?

"A. Yes, sir.

"Q. You have met him?

"A. (Witness nods head.)

"Q. Have you talked to people who know this defendant?

"A. No, sir.

"Q. Well, let me rephrase it . . . .

" . . .

"Q. (By Mr. Cornelius) Have you talked to any police officers with respect to this defendant?

"A. Yes, sir.

" . . .

"Q. (By Mr. Cornelius) Have you read any documents with respect to this defendant?

"A. Yes, sir.

"Q. Do you know this defendant's reputation for peacefulness and law abiding in the community in which he lives and with those with whom he associates?

"MR. McCULLOUGH: Object to the question, Your Honor. The predicate is not proper; specifically with regard to the matter of documents; does not lay the predicate for the reputation question.

"THE COURT: That's overruled.

"Q. (By Mr. Cornelius) Do you know the reputation?

"A. Yes, sir.

"Q. Is that reputation good or is it bad?

"A. Bad."

On cross–examination, Taylor stated that she had not talked to "anybody about him (appellant)."

On original submission, the panel concluded that the proper predicate had not been laid for Taylor's testimony. There was no showing that she had discussed appellant's reputation with anyone who knew him or with any member of his community.

In its Motion for Rehearing, the State contends that any error in admitting Tay-

lor's testimony was harmless. In support of this contention the State cites *Mitchell v. State*, 524 S.W.2d 510. In that case, the appellant was convicted of murder with malice and punishment was assessed by the jury at 100 years. During the punishment phase, a police officer testified that the defendant's reputation as a peaceful and law–abiding citizen was bad. The Court found that the officer was not qualified to give this testimony in that he had never discussed the defendant's reputation with anyone else. *Mitchell v. State*, supra at 513.

In *Mitchell*, the Court found the error in admitting the officer's testimony to be harmless:

"We have concluded, however, that the error in permitting the witness to testify was harmless. Waits' testimony was extremely terse, without embellishment. Moreover, the record shows that he was followed at the punishment phase by three other witnesses from law enforcement agencies in or near Johnson County who gave, without objection, testimony identical to that of Chief Waits'. We conclude that the effect of Waits' testimony was harmless beyond a reasonable doubt."

In the instant case, the State introduced evidence of two prior felony convictions into evidence. One conviction was for robbery by assault in which punishment was assessed at ten years. The other conviction was for burglary with intent to commit theft in which punishment was assessed at five years.

Appellant's prior conviction for robbery was alleged for enhancement of punishment. After finding that appellant was the same person previously convicted, the jury was authorized to assess punishment for life, or for any term of not more than 99 years or less than 15 years. See, V.T.C.A. Penal Code, Sec. 12.42(c).

As noted above, Officer McMillon testified that appellant's reputation was bad.

Furthermore, Bruce Kroger, an arson investigator, testified that appellant's reputation was bad. Lastly, the State reoffered all of the evidence from the guilt or innocence stage of the trial. Based upon the evidence presented at the guilt or innocence and punishment phases of the trial, we conclude that the effect of Taylor's testimony was harmless beyond a reasonable doubt.

We have examined the contentions advanced in appellant's pro se brief and find same to be without merit.

The State's Motion for Rehearing is granted and the judgment is affirmed.

ONION, P. J., and ROBERTS, J., dissent for reasons stated in original opinion.

DALLY, Judge, concurring in part and dissenting in part.

I concur in the result reached by the majority, but I vigorously dissent to the majority's disposition of appellant's fourth ground of error. In his fourth ground of error the appellant asserts that he was erroneously denied a charge on aggravated assault, a lesser included offense to the charged offense of aggravated robbery. The majority says:

"Appellant would be entitled to a charge on aggravated assault if there were testimony that if guilty at all, he was only guilty of the lesser included offense. See *Eldred v. State*, Tex.Cr.App., 578 S.W.2d 721; *Williams v. State*, Tex.Cr.App., 575 S.W.2d 30. From our examination of the record we can find no evidence which would negate the existence of appellant's theft of the Currie Automobile.

"We conclude that the evidence at trial established that if guilty at all, appellant was guilty of the charged offense of aggravated robbery . . ."

The rule stated by the majority is an incorrect rule which has been erroneously applied numerous times since its apparent genesis in *Daywood v. State*, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952) as dictum. See

*Hale v. State*, 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); *Torres v. State*, 493 S.W.2d 874 (Tex.Cr.App.1973); *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974).

I suggest that the correct rule is that stated by Mr. Justice Goldberg in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965):

"A lesser–included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser–included offense."

See also *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1958); *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895); *United States v. Madden*, 525 F.2d 972 (5th Cir. 1976); *Yates v. United States*, 384 F.2d 586 (5th Cir. 1976).

There is no merit to the appellant's claim that he was entitled to a charge on the lesser included offense since the State while proving that appellant committed an aggravated robbery also proved that he committed an aggravated assault. *Sansone v. United States*, supra.

I concur in the result but dissent to the disposition of the appellant's fourth ground of error.

CLINTON, Judge, dissenting.

In addressing ground of error four, failure to charge on lesser included offense of aggravated assault in this aggravated robbery case, the Court, as if by rote, says that appellant was entitled to it "if there were testimony that if guilty at all, he was only guilty of the lesser included offense." The two decisions we are invited to "see" in support of the statement are *Eldred v. State*, 578 S.W.2d 721 (Tex.Cr.App.1979), a

panel opinion with one member dissenting, and *Williams v. State*, 575 S.W.2d 30 (Tex. Cr.App.1979), an opinion from a two member panel in which the second concurred in the result. In both, the primary offense was, as here, aggravated robbery, but there the similarity fades, only to return at the end of each.

In *Eldred v. State*, supra, the complaint was error in refusing to charge the jury on the lesser included offense of theft; for guidance in resolving the problem the panel first looked to what it believed was the "test" set forth by the Court in *Campbell v. State*, 571 S.W.2d 161 (Tex.Cr.App.1978)– also an aggravated robbery case in which a charge of the lesser included offenses of theft had been refused. In *Williams v. State*, supra, appellant contended that she was entitled to charges on the lesser included offenses of attempted robbery, aggravated assault, assault and theft; *without* mentioning *Campbell*,[1] however, the opinion recites the "guilty only" rule so routinely canted lately:

"... Our law provides that 'a charge on the lesser [included offense] is not required unless there is testimony raising such issue that appellant, if guilty, is guilty only of the lesser offense.' *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App. 1978); *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974). * * * Thus, the State's evidence indicated that appellant was guilty as charged; the defense evidence indicated she was not guilty of any offense. Appellant was not entitled to a charge on any lesser included offense."

Returning to the panel opinion in *Eldred v. State*, supra, it is noted that the dissent charges the majority with misconstruing the test of *Campbell*, supra,[2] at which a closer look will be taken *ante*. The *Eldred* majority, "searching for any evidence which

1. Perhaps because the author of *Williams* had not participated in *Campbell*, he overlooked it. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. Curiously enough, the dissenter in *Eldred* also dissented in *Campbell*, as had the author of *Eldred*, and the other member making a majority in *Eldred* had not participated in *Campbell*, but wrote *Williams*.

would show that if appellant is guilty at all, he is guilty only of the lesser included offense" and pointing to certain testimony of appellant that the majority saw as "den[ying] the commission of any offense," applied the excerpt from *Williams,* supra quoted in part just above, and held appellant not entitled to a charge on theft.[3]

While there are many other recent decisions along this same line, *Eldred* and *Williams* are illustrative of a commonality in most: each traces its heritage back to either *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974) or *Torres v. State,* 493 S.W.2d 874 (Tex.Cr.App.1973),[4] sometimes both.

In *Day v. State,* 532 S.W.2d 302, 307 (Tex.Cr.App.1975), writing for the Court Presiding Judge Onion, the author of *McBrayer,* characterized as "not necessary to disposition of the ground of error" the following from *McBrayer* :

"Still further, merely because a lesser offense is included within the proof of a greater offense, a charge of the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. See *Hale v. State,* 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952)."

The *McBrayer* and *Torres* limbs go back to the common branch of *Daywood v. State,* supra.

In *Daywood v. State,* 248 S.W.2d at 481, it is written:

" . . . [I]t will be noted that, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising the issue that the appellant, if guilty at all, is guilty only of a lesser offense included in the greater offense charged." [5]

This statement appears to be the earliest pronouncement of "guilty only" rule that diligent research and exploration will discover. It is made without citing any authority to support it, and in the full context of the opinion is pure dicta–just as "it will be noted" signals that it is. Thus, if *Daywood* is the progenitor of it, the rule has an inauspicious beginning. But then, like Topsy, it just grew.

As a rule of law, one must marvel at its ambiguity. That it is susceptible to nearly whatever meaning one applying it may give to it is seen from the variety of constructions advanced at one time or another in the opinions rendered by the Court. Thus, in *Hale v. State,* supra, an assault with intent to rape, the author of *Daywood* opined that a charge of aggravated assault was not called for because the Court found "no evidence . . . which would indicate that the appellant, if guilty at all, is guilty only of aggravated assault;" [6] the offense was the same in *Torres,* supra, and the Court

---

**3.** Thus, the final reasoning of *Eldred* and *Williams* is approved by only two judges of the full Court. This somewhat unusual situation is enough to arouse curiosity about the antecedents of the "guilty only" rule.

**4.** The lesser cited *Torres v. State,* supra, predates *McBrayer,* and claims kinship to *Hale v. State,* 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957) and *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952). *Hale v. State,* supra, claims *Daywood v. State,* supra, as sole progenitor. *Torres,* then, is a limb from the *Daywood* branch.

**5.** The "noted" statement is followed immediately by the observation that "the record contains no evidence raising the issue of aggravated assault." The offense was indecent fon-

dling of a child; appellant while admitting his presence on the occasion denied he "molested" the child.

**6.** Similarly, in *Bush v. State,* 172 Tex.Cr.R. 483, 358 S.W.2d 384 (1962) the same writer rejected the propriety of charging false imprisonment as a lesser included offense to kidnapping, finding that *Daywood* was adverse to appellant Bush's contention in that he neither testified nor produced witnesses "and there was no evidence which would show that, if guilty, he would be guilty *only* of the lesser included offense." [Emphasis in original] See also his treatment of *Daywood* in the robbery by assault *cum* assault with intent to rob case of *Lewis v. State,* 479 S.W.2d 74, 75 (Tex.Cr.App.1972).

found that the charge given was more favorable to the accused than he requested--a charge on aggravated assault--and held the latter issue was not raised by the evidence "since appellant denied any assault whatever . . . ;"[7] it was with respect to the same offense, same requested charge and same result in *McBrayer*, supra, that Presiding Judge Onion first succinctly concluded that under the circumstances of the case "the issue of aggravated assault was not raised by the evidence," referring to the rule in 4 Branch's 219, § 1889 and *Torres*, and then made his "[s]till further" statement drawn from *Hale* and *Daywood*. Here is a clear implication that the ancient but still viable "raised by the evidence" rule is not the same as the more recently developed "evidence of guilt only of lesser offense" notion of *Daywood*. From this point on more differences become evident from competing views.

First in significance is *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975), a case of burglary with intent to commit theft where, though the accused admitted the entry he denied an intent to steal, a charge of the lesser included offense of criminal trespass was refused. For the Court Presiding Judge Onion reviewed the facts and the law of burglary and criminal trespass and concluded that "*the facts in the evidence* at trial were sufficient to raise the issue of criminal trespass, and the failure of the trial court to submit to the jury a requested charge on such constitutes reversible error." Concurring, Judge Roberts agreed that as a legal proposition criminal

trespass is a lesser included offense of burglary and in the instant case the "distinguishing" element is the intent to commit theft; his conclusion: "*Since this element was not conclusively established*, the issue of criminal trespass was raised." Judge Douglas, joined by former Judge Morrison, the author of *Daywood*, dissented, using as his legal basis the *McBrayer* statement and the following mixed legal and factual analysis:

"Appellant by his own testimony shows him to be guilty of burglary under Section 30.02(a)(3), supra.[8] He entered the building without the consent of the owner and while there committed theft by taking the letter opener, putting it in his pocket and trying to sell or give it away. *His testimony did not show that he is guilty only of a lesser included offense.*[9] It is not necessary to decide if criminal trespass is a lesser included offense of the offense of burglary under the facts of this case."

To the statement from *McBrayer* and this analysis and application of it, Presiding Judge Onion rejoined:

"The dissent relies heavily upon *McBrayer v. State* . . . , an opinion authored for the court by this writer. * *

* * * The dissent reads it as holding that it is not error to fail to charge on a lesser included offense unless the evidence shows that the only offense of which the accused could be guilty is the lesser included offense. This is not the law, should not be the law, and has never

---

7. As its authority the Court quoted from the "well settled" rule in 4 Branch's Annotated Penal Code (2nd Ed.) 219, § 1889, to the effect that if the case is either assault with intent or that accused is not guilty a charge on aggravated assault may be properly refused, then cited *Hale* and *Daywood*, supra, and pointed to *Garza v. State*, 479 S.W.2d 294 (Tex.Cr.App. 1972)--a murder with malice conviction in which failure to instruct on murder without malice is not error "unless there is some testimony which raised the issue and therefore calls for such a charge," citing *inter alia*, 4 Branch's Annotated Penal Code (2nd Ed.) 658, § 2302.

8. That is, entering a building or habitation without effective consent of the owner and committing or attempting to commit theft. Yet, Day was charged with entering *with intent to commit theft.*

9. Thus, the *Day* majority examined "the facts in evidence;" Judge Roberts tested the strength of the State's evidence; Judge Douglas looked to testimony of the accused.

been the law. Surely it cannot be contended that if there is evidence raising the issue of a lesser included offense an accused would not be entitled to a charge on the same merely because there is also other evidence which supports proof of the greater offense charged or some other offense."

Presiding Judge Onion then revisits *Daywood,* notes that in each case citing it "there was *no* evidence raising the issue of a lesser included offense" (his emphasis), and perceives:

"It is clear then that the dissent cites *McBrayer* for the wrong proposition and goes further and infers that if the proof reflects some offense other than charged in the indictment, then no jury instruction on the lesser included offense of the offense charged needs to be given regardless of the evidence raising the same. This is strange logic indeed." [10]

After a slight change in membership [11] the Court confronted the *Day* issue again, but with somewhat different facts, in *McCardell v. State,* 557 S.W.2d 289 (Tex.Cr. App.1977). Suffice to say that beyond any doubt a paint and body shop had been burglarized and appellant and his brother were found by police inside the shop; appellant did not testify, but through witnesses, including his brother who admitted the offense, he presented a defense that innocently he went to the shop in response to a phone call from his brother, Robert, and was let inside by him only to discover that Robert had unlawfully entered and was in the progress of burglarizing it, and hid when officers arrived. Writing for the majority, Judge Douglas quickly dismissed re-

liance on *Day,* for it "is not in point," explaining:

"*All the defensive testimony* shows that appellant committed no crime at all because he was told that Robert was working for the shop owner in the building and Robert invited appellant to enter. There was nothing according to Robert's testimony that put appellant on notice that he did not have the effective consent of the owner to enter. In short, the proof shows that appellant committed the offense of burglary. He was guilty or not guilty of that offense."

Referring to *McBrayer* and *Torres,* Judge Douglas then concluded:

"There is no testimony in the present case that would make appellant guilty of only the crime of trespass."

Judge Roberts, joined by Judge Phillips, dissented. First the dissent adopts *in toto* an opinion on the point originally prepared for the Court by the late Commissioner Howard P. Green, which built on the "well established" principle of law that "if the evidence adduced at the trial raises an issue of fact, and a charge on that issue is properly requested, such a charge must be given," citing, e. g., *Day v. State,* supra. Thus, like Judge Onion in *Day,* Commissioner Green and, through adoption, Judges Roberts and Phillips, opted for the "raised by the evidence" rule. But Judge Roberts then went on to express his understanding of, to dissect and examine disposition of the case by the majority based on, and to interpret the language of *McBrayer, viz:*

"I had always understood this language to mean that if *any* of the testimony–not just defensive testimony–shows that the

---

**10.** On rehearing the Court adhered to the majority opinion on original submission and addressed a new contention made by the State. Continuing to dissent on the *McBrayer* point, Judge Morrison did not agree "that *the evidence* in this case raises the issue of criminal trespass," and Judge Douglas reiterated that "*appellant's testimony* does not show a criminal trespass. . . . [H]e went into the building rightfully in the early morning hours to call officers to report a burglary. After the entry,

he committed the crime of theft. No crime of criminal trespass was alleged and no such crime was *proved by appellant's testimony.*" Even the dissenters, then, would take different looks at the record.

**11.** The vacancy created by retirement of Judge Morrison was filled by election of W. T. Phillips in 1976.

appellant is guilty of the lesser included offense, then the trial judge must give a charge on that offense, provided that the appellant does not present testimony which unequivocally negates the existence of the lesser included offense. See *Torres v. State*, 493 S.W.2d 874 (Tex.Cr. App.1973).

"Interpreted in this manner, *McBrayer* fails to support the majority's disposition of the case. The majority fails to recognize that a defendant can raise *the existence of a lesser included offense as a defensive issue.* In such a case, the defensive issue is that the defendant is not guilty of the offense charged, but guilty of a lesser included offense. The fact that the defensive theory attempts to demonstrate guilt of a less serious offense, as opposed to a defense which to negate guilt of any offense, should not affect whether a defensive charge is given. The only difference is that where a lesser included offense is raised as the defensive theory, the defensive charge will be in the form of a charge on the lesser included offense.

"This view is amply supported by cases involving defensive charges in general.
\* \* \*

"Thus, the rule is that in the absence of defensive testimony which absolutely negates the lesser included offense, the trial court must charge on the lesser included offense if 'any particular portion of the evidence' shows that appellant was only guilty of that offense. *Day v. State*, supra. This is what the language of McBrayer means—or should mean: that the charge must be given if any part of the evidence shows that the accused was only guilty of the lesser offense, *even*

*though* there is also strong evidence of his guilt of the greater offense." [Emphasis throughout by Judge Roberts.] [12]

Taking a somewhat different tack in the next part of his dissenting opinion, Judge Roberts "would overrule or clarify *McBrayer v. State* . . .," *id.* at 295 and, as indicated, Judge Phillips joined.

A slight digression from the trail is necessary before again approaching *Eldred*, supra. Following the lead of opinion on rehearing in *Day*, supra, a unanimous Court held in *Hazel v. State*, 534 S.W.2d 698, 699–701 (Tex.Cr.App.1976) that, under the facts of the case, unlawfully carrying a weapon, V.T.C.A. Penal Code, § 46.02, is a lesser included offense of unlawful possession of a firearm by a felon, *id.* at § 46.05. Presiding Judge Onion first summarized the rehearing holding of *Day*, *viz*:

". . . Whether one offense bears such a relationship to the offense charged must be a case by case determination, the decision being based on whether the lesser offense could be proved by the same facts as necessary to establish the offense charged. *Day v. State*, supra."

Reviewing the statutory elements of each offense under investigation and noting prior judicial construction of the phrase "on or about the person," the Court concluded:

". . . Thus the proof that appellant's pistol was on the floorboard of the automobile establishes both that he carried it 'on or about his person' and that he 'possessed' it. . . . Since the two are provable by the same facts, the provisions of Article 37.09, Vernon's Ann.C.C.P., are satisfied.

"The same reasoning applies to the last remaining distinction between the two

---

**12.** Turning again to the majority opinion Judge Roberts seems to interpret language used by Judge Douglas similar to the impression Presiding Judge Onion drew in *Day*, see *ante* at pp. 889, 890. Thus, Judge Roberts charged that from its statement "that '[t]here is no testimony in the present case that would make appellant guilty of only the crime of trespass' . . . the majority is apparently construing *McBrayer* to mean that the evidence must *exclude* the possibility of the appellant's guilt of the greater offense before a defensive charge on the lesser offense is required. This has never been, nor should it become, the law."

offenses.[13] ... Again, it is evident that the lesser offense and the offense charged are capable of proof by the same fact that appellant had in his automobile a .38 caliber revolver."

The analysis, reasoning and holding of *Hazel v. State*,[14] supra, became the foundation of the conclusion in *Campbell v. State*, supra, that *there* theft was a lesser included offense of aggravated robbery, so the trial court erred in refusing to submit a charge on the lesser included offense of theft, *id.*, at 162. The Court reached its conclusion without any mention of the "guilty only" cant of *Daywood/McBrayer*.

The question posed by the *Campbell* court:

" ... The issue upon which this appeal turns is whether theft is a lesser included offense of aggravated robbery *in this case*." [Emphasis in original]

Faulting the State for confusing "the statutory elements of the definition of an offense with the evidentiary facts required to prove the offense charged," the Court then points out:

" ... The State's version of the events and appellant's version differed on only one material point: whether the theft was accompanied by acts constituting aggravated robbery. Appellant testified only a theft was committed; the State also relies on proof of the theft, and such additional facts as raise the crime to aggravated robbery. The theft was without question proven within the facts relied on by the State to make its case of aggravated robbery. Theft was a lesser included offense of aggravated robbery on the facts here."

Further explicating the conclusion just reached, the Court stated:

"The issue is not whether the primary offense is capable of proof on some theory that would not show theft. The issue is whether the State's case as presented to prove the offense charged included proof of theft. The record shows theft was included in the proof of the State's case, and therefore appellant was entitled, on the basis of his testimony, to submission of the lesser included offense of theft. The trial court's adverse ruling on his objection to the charge was reversible error."[15]

*Eldred v. State*, supra, also mentions *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr. App.1979),[16] a unanimous panel opinion impliedly approved by denial of rehearing En Banc. It presented out of a single transaction one charge of murder and two of attempted murder after appellant interrupted a prospective menage a quatre by producing a pistol and shooting the prospects. Convicted as charged, she complained because the trial court refused to charge on lesser included offenses of involuntary manslaughter, negligent homicide and simple

---

13. One involves possession of a "firearm, namely a pistol" while the other speaks of carrying "a handgun ..."

14. Although the *Hazel* court was determining whether one offense is lesser included within the offense charged on an issue other than whether a charge on the lesser included offense *should have been submitted*, the evidence examined to make that determination came solely from testimony offered by the State, see 534 S.W.2d at 701, 703. For all that appears from the opinion the appellant neither testified nor presented any evidence on this matter.

15. The dissent by Judge Roberts, joined by Judges Phillips and W. C. Davis, seeks to demonstrate by delineating the four statutory methods of committing aggravated robbery and the four statutory ways of committing theft that "an aggravated robbery can be proved without proof that a theft actually occurred," that "theft involves a more serious risk of injury to the victim's property than aggravated robbery" and that the two offenses differ in respects other than their respective culpable mental states; *ergo*, theft is not a lesser included offense of aggravated robbery.

16. The reference in *Eldred* is to "No. 55,142, delivered January 17, 1979," but that is believed to be erroneous because the only *Thomas v. State* opinion handed down that date is as cited in the text above, and it deals with the matter under consideration.

assault, pointing to her own testimony that she did not intend to kill anyone but simply began shooting at random in an attempt to escape her proposers. Citing both *McBrayer v. State* and *Torres v. State*, supra, for the same proposition, the panel opinion states, "A charge on a lesser included offense is not required unless the evidence raises that issue," adds that "if the evidence raises only the issue that the accused is guilty of the offense charged or no offense at all, the issue of a lesser included offense is not raised," points out and concludes:

> "... In this case appellant was the only witness for the defense. She testified that her only reason for shooting the pistol was her attempt to escape from a kidnapping and rape. If that testimony was true, she would have been guilty of no offense at all. As she was either guilty of the offense charged or no offense, a charge on the lesser included offenses was not necessary."

Finally getting back to the panel opinion in *Eldred*, it will be recalled that the majority read *Campbell* to provide a "test," *viz*:

> "The test ... to be used to determine whether a charge on theft is required in a prosecution for aggravated robbery is:
>
> > '... not whether the primary offense is capable of proof on some theory that would not show theft, but whether the State's case as presented to prove the offense charged also included theft'."

From this the panel saw "two separate steps" to resolve the issue:

> "... First, the lesser included offense must be included within the proof necessary to establish the offense charged. If the offense charged is aggravated assault, then theft must be established by proof of the same or less than all the facts required to establish the commission

of aggravated robbery before a charge on theft is required.

\* \* \* \* \* \*

The second step requires an examination of all evidence produced in the course of a prosecution for aggravated robbery. The focus here is not on the evidence which proved the statutory elements, but rather, we must search for evidence which shows that if appellant is guilty, he is guilty of the lesser offense only. Therefore, our task is an examination of the entire record." [17]

In taking the second step the panel majority noted that in *Campbell*, "The defendant admitted the theft but denied the existence of any of the aggravating factors," so that "there was evidence, albeit from the defendant, which, if believed, would prove the defendant was guilty only of theft, not aggravated robbery," *id.*, at 723. But, as to *Eldred*, "The record does not show that appellant, if guilty of any offense, is guilty only of theft," because although Eldred testified and denied aggravating circumstances, but admitting the "taking" believing he had implied effective consent, the majority interpreted his other testimony as a denial of theft or any other offense. Thus, it summarized:

> "... Such testimony denied the commission of any offense. Therefore, if the jury believed the State's evidence, appellant committed an aggravated robbery. If the appellant's testimony persuaded the jury, the verdict is not guilty. The appellant, if guilty at all, is guilty of aggravated robbery."

Quoting with approval from *Williams*, supra, the panel held that appellant was not entitled to a charge on theft, *id.*, at 724.

Judge Phillips, in dissent, set forth in more detail the testimony of the complaint

---

17. To this last sentence the panel dropped a note explaining that in holding the entire record must be considered "we have expanded *Campbell* which permitted an examination of the State's evidence alone," and thereby placed *Campbell* "in line" with *Thomas v. State*, 578

S.W.2d 691 (Tex.Cr.App.1979); *Williams v. State*, supra; and *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974). Yet, as one may read *Campbell*, excerpted above, the Court examined the entire record, especially testimony of appellant on his own behalf.

and Eldred, as well as the State's rebuttal witnesses. The majority is charged with reinterpreting *Campbell* by creating a two–step approach to the issue and, in the second step, by "requir[ing] a judicial confession to the lesser offense before an instruction on it is required," *id.*, at 726. According to his analysis, "the 'taking' was the only undisputed element," so that the jury should have been given "the entire range of potential offenses," including the lesser offense of theft.

From *Daywood* through *Eldred*, admittedly a lengthy and tortuous expedition, several conclusions follow: First, the "guilty only" maxim is elusive to the grasp and errant in application. Second, it is often ritualistically invoked in inappropriate situations. Third, even where the maxim is properly considered, it suffers from unevenness in treatment according to the source of testimony suggesting a lesser included offense. A rule of law so defective is desperately in need of repair. Until fixed 'it should not be used. Meanwhile, there are other concepts that can be put to work.

The instant cause is a showcase example. The Court appears to conclude that the evidence established that "if guilty at all, appellant was guilty of the charged offense of aggravated robbery" because "we can find no evidence which would negate the existence of appellant's theft of the Currie automobile." Yet, that the State proved commission of an aggravated assault is not and cannot be doubted. But proof of theft of the automobile is not all that certain: Is there evidence that appellant appropriated the car with the intent to withhold it from Currie permanently or for the requisite extended period of time under V.T.C.A. Penal Code, § 31.01(3)? Moreover, to me it is not inconceivable that had it been permitted to do so a jury might well have expressed the view that the assault and taking were separate parts of the overall transaction that did not coalesce into aggravated robbery. Other theories suggested by the evidence

may come to mind, but the point is, as made in *Keeton v. State*, 149 Tex.Cr.App. 27, 190 S.W.2d 820, 824 (1945, Opinion on Rehearing):

"It is true that an indictment for rape includes also a charge for an assault with intent to rape, as well as an aggravated assault . . . Yet, such an inclusion does not necessarily mean that in all trials charging rape such other assaults must be submitted. Instead, this matter should be governed by the testimony presented . . . It may at times become the duty of the court to charge upon such lesser assaults where there is some doubt thrown on the completed offense, or where the testimony offered may fall short of a completed attack, or when any controversy might have arisen relative to such facts."

The reason for all of this, along with a statement directly contrary to the "guilty only" notion, was explained by Judge Hurt for the former Court of Appeals in *Liskosski v. State*, 23 Tex.App. 165, 3 S.W. 696, 698 (1886) with respect to certain testimony of the wife of the accused, the sole purported witness to the transaction:

" . . . Yet, granting to this its proper legal force in reaching a conclusion upon the general question of guilt or innocence, does not her testimony, in some of its parts, present the theory that the killing . . . was upon sudden quarrel and without malice? We conclude that it does; and, in so concluding, it is not said that the appellant is not guilty, if guilty at all, of a *higher grade* of offense than *manslaughter*, or that he *is* guilty of *that* offense; nor was it necessary that either deduction should have been drawn by the trial judge below, nor is it now by us here. Any theory legitimately arising out of the evidence in a case imposes upon the court the duty of submission by appropriately instructing upon the law governing it; and this, without regard to the strength of weakness of the supporting facts. Uniform with the previous

rulings of this court is the doctrine here declared, viz.: The charge of the court must make a pertinent application of the law covering every theory arising out of the evidence; that the duty is not dependent upon the court's judgment of the strength or weakness of the testimony supporting the theory, it being the prerogative of the jury to pass upon the probative force of the testimony. The court should have given an instruction upon the law of manslaughter, and its failure to do so was error." [Emphasis in original]

To the same effect are, e. g., *Jones v. State*, 33 Tex.Cr.R. 492, 26 S.W. 1082 (1894); *Arnwine v. State*, 49 Tex.Cr.R. 5, 90 S.W. 39, 40 [18] (1905); *Steen v. State*, 88 Tex.Cr.R. 256, 225 S.W. 529, 531 (1920); *Butler v. State*, 121 Tex.Cr.R. 543, 51 S.W.2d 384 (1932).

I respectfully dissent.

PHILLIPS, J., joins.

---

18. "Now from this statement of the case, was appellant entitled to a charge on manslaughter? ... Might not the jury, as they evidently did, disregard altogether the testimony on that phase of the case (self defense), not believing it to be true, and yet, had they been permitted, have found appellant guilty of manslaughter? It is not necessary for us to say that they would have so found. Indeed, *the evidence for the state is very strong*, indicating murder, and the phase of manslaughter arises alone from appellant's testimony. The criterion is ... was there sufficient evidence to have required a charge on that subject."