**Dan Aubrey PEAVEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–113–CR.**

Court of Appeals of Texas, Fort Worth.

April 14, 1982.

Discretionary Review Refused June 30, 1982.

Frank W. Sullivan, III, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellees.

Before RICHARD L. BROWN, HUGHES and HOLMAN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of burglary of a habitation. Punishment, enhanced by two prior felony convictions, was assessed by the jury at life imprisonment.

We affirm.

By his first ground of error, appellant contends that the trial court erred in permitting the State to bolster the testimony of the complainant.

The evidence clearly shows that on the evening of September 7, 1979, a forced entry was made into the apartment of the complainant, a woman. She was forced to engage in an act of sexual intercourse by a man she later identified as the appellant. After the attack, which occurred in an upstairs bedroom, the complainant ran downstairs and informed her live-in boyfriend that she had been raped. The boyfriend, who had a hearing impairment and had not heard the outcries of the complainant, ran outside and saw the appellant entering an apartment some ten paces from the complainant's apartment. He went back to the complainant and walked her over to appellant's apartment. They knocked on appellant's door, and appellant answered. The boyfriend asked the complainant if appellant was her attacker and she replied "definitely". It is this testimony of the boyfriend about which error is alleged. Objection was made that such testimony constituted bolstering of the complainant's testimony.

We disagree.

The matter complained of occurred within a few minutes after the offense was committed and only ten paces from the apartment which was burglarized. As such, it constituted *res gestae* or *spontaneous exclamation* and was clearly admissible. *Hanner v. State*, 572 S.W.2d 702 (Tex.Cr. App.1978), cert. den. 440 U.S. 961, 99 S.Ct. 1504, 59 L.Ed.2d 774 and *King v. State*, 631 S.W.2d 486 (Tex.Cr.App.1982). Ground of error one is overruled.

Appellant's second ground of error contends that paragraph two of the indictment alleging a prior felony conviction in order to invoke enhancement provisions for punishment is defective. Paragraph two of the indictment reads as follows:

And it is further presented in and to said court, that prior to the commission of the aforesaid offense by the said Dan Aubrey Peavey, on the 12th day of August, 1975, in the Criminal District Court Number Two of Tarrant County, Texas, in Cause No. 4402, the said Dan Aubrey Peavey was convicted of a felony, to-wit: burglary of a building, and said conviction became final to the commission of the aforesaid offense;

The thrust of this ground of error is that there is omitted from the subject paragraph the word "prior" following the words "said conviction became final" and preceding the words "to the commission of the aforesaid offense".

No motion to quash the indictment was made by appellant.

The prior conviction so alleged in the indictment is not fatally defective. It describes the prior conviction as a felony; gives the nature of the offense, burglary of a building; the case number in the court in Tarrant County in which the conviction was obtained; the description of the criminal district court of Tarrant County; and the date of conviction. This is sufficient. *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App. 1978); *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980). Ground of error two is overruled.

The judgment of the trial court is affirmed.