**Anthony Leroy PIERCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62782.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1980.

Bruce V. Griffiths, J. Michael Askins, Houston, for appellant.

Carol S. Vance, Dist. Atty., & Douglas M. O'Brien, Robert Burdette & Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is an appeal from a conviction for capital murder committed during a robbery. The punishment is death.

The appellant contends that the trial court erred in overruling his challenge for

cause to venireman Howard Crenshaw. The appellant argues that venireman Crenshaw's voir dire responses indicate that he was unable to consider the imposition of any other punishment except the death penalty in a case in which the accused is found guilty of committing capital murder during a robbery. The appellant used a peremptory challenge to exclude venireman Crenshaw.

The appellant argues that because he was constrained to strike venireman Crenshaw with a peremptory challenge, he was deprived of the use of that peremptory challenge to exclude a prospective juror he found objectionable. The appellant exhausted all of his peremptory challenges. His challenge of venireman Elliott English for cause was overruled, and his immediate request for additional peremptory strikes was denied. The appellant's written motion for additional peremptory strikes was also denied. Venireman English was ultimately seated on the jury. These facts are sufficient to entitle the appellant to a reversal, *provided he can show the challenge for cause of venireman Crenshaw should have been granted. Cuevas v. State*, 575 S.W.2d 543 (Tex.Cr.App.1978); *Hernandez v. State*, 563 S.W.2d 947 (Tex.Cr.App.1978); *Wolfe v. State*, 178 S.W.2d 274 (Tex.Cr.App.1944).

The appellant argues that venireman Crenshaw should have been excluded under Art. 35.16(c)(2), V.A.C.C.P., which provides in pertinent part:

"(c) A challenge for cause may be made by the defense for any of the following reasons:

"(1) . . . .

"(2) That he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof *or of the punishment therefor.*" [emphasis supplied.]

In response to the prosecutor's preliminary questions, venireman Crenshaw indicated that he "never did care much for the death penalty," and that his feelings would prevent him from answering the punishment issues in such a way that the death penalty would be imposed. However, further questioning by the defense attorney led venireman Crenshaw to agree that in certain instances he could impose the death penalty. The prosecutor, upon re–examination, explained that the appellant was charged with killing the deceased during the robbery at a Church's fried chicken place. Venireman Crenshaw stated that he could vote for the death penalty under those circumstances, and, in response to a hypothetical question, indicated he felt death was the appropriate punishment for a murder committed during a robbery.

The defense attorney, in further questioning venireman Crenshaw, explained to him that capital murder "is murder that occurs only during the course of some other serious felony . . . ." The following exchange then took place:

"Q. [DEFENSE ATTORNEY]: . . . Now, my question is is there some circumstance where someone who committed a capital murder, that is, had committed a murder during one of these other serious crimes, that you will think a life sentence would be the appropriate sentence to be imposed?

"A. Under the appropriate circumstances, no, sir.

"Q. So, if the State proved to you that someone had committed a robbery–murder, let's say, you would answer these two questions yes?

"A. Yes, sir.

"Q. No matter what else was shown to you?

"A. If it was proven, yes, sir.

"Q. If the evidence at the punishment hearing showed that the defendant had never been involved in any other trouble with the law and never hurt anybody but he had done this robbery–murder, would you still answer the question yes?

"A. Under those conditions, yes, sir.

"Q. So, is it fair to say that where someone had already been convicted of capital murder, a robbery–murder, that you couldn't consider answering the question in such a way that he would be sentenced to life, is that correct, as opposed to death?

"A. No, sir.

"Q. It's not correct or you couldn't consider it?

"A. I couldn't consider anything besides death under the circumstances.

"Q. The second question you will be asked at the punishment hearing is the question of whether or not you find that there's a probability the defendant will commit future acts of criminal violence to constitute a continuing threat to society. If I understand what you told me before correctly, you would decide that, yes, there was a probability of future acts of criminal violence simply by virtue of anybody committing robbery–murder.

"A. If it was brought out that it happened and the same person had committed the acts in the past, I would.

"Q. Suppose it was brought out he had never done anything in the past but he had done this robbery–murder.

"A. Under the circumstances I'd have to vote yes."

■ This Court has held that a defendant is entitled to have jurors who believe in the full range of punishment. *Woodkins v. State*, 542 S.W.2d 855 (Tex.Cr.App.1976); Acc., *Cuevas v. State*, 575 S.W.2d 543 (Tex. Cr.App.1978); *Smith v. State*, 573 S.W.2d 763 (Tex.Cr.App.1977). The appellant contends that venireman Crenshaw's voir dire responses indicate that he was only able to consider the death penalty, and not life imprisonment, for a capital murder committed during a robbery. He urges that reversal is therefore required under *Cuevas v. State*, supra, and *Smith v. State*, supra. He also contends that the record in the instant case is more compelling for reversal than

the records in *Cuevas* and *Smith*, in which reversals of capital murder convictions were required. We agree.

In *Smith*, we held that the trial court committed reversible error in overruling the defendant's challenge for cause of a prospective juror. We found:

"The overall picture presented by the voir dire examination of Payne is one of a person holding strong convictions that death is the only punishment he could consider for a person guilty of capital murder, and that life imprisonment is not adequate punishment and would not be considered."

573 S.W.2d at 765. During attempts to rehabilitate the venireman in *Smith*, he indicated that he could consider both life imprisonment and the death penalty in answering the penalty issues, and that he would hold the State to its burden of proof on the punishment issues. Nevertheless, we concluded that the venireman's testimony as a whole indicated an inability to consider the full range of punishment.

In *Cuevas*, we also reversed because the trial court overruled the defendant's challenge for cause of a prospective juror who indicated he could not consider life imprisonment as a punishment for capital murder unless the evidence indicated the defendant was insane. We examined the venireman's voir dire responses as a whole, and determined that despite his statements during attempted rehabilitation that he could base his answers to the punishment issues on the evidence, his responses indicated an inability to consider the full range of punishment.

■ Reviewing the voir dire responses of venireman Crenshaw in light of our holdings in *Smith v. State*, supra, and *Cuevas v. State*, supra, we must conclude that he demonstrated an inability to consider the full range of punishment for a capital murder committed during a robbery. Venireman Crenshaw's answers to the preliminary questions were somewhat inconsistent and equivocal and led the State to challenge him for cause. However, once the venireman was apprised of the type of murder punishable as a capital murder, the scheme

of capital punishment, and the allegations in the indictment in the present case, he clearly and unambiguously stated that he could not consider any punishment other than the death penalty for someone convicted of capital murder committed during a robbery. Unlike *Smith* and *Cuevas*, no attempt was made by the State in the present case to rehabilitate the venireman. Despite the earlier challenge, the State accepted venireman Crenshaw before he was struck by defense counsel. We conclude that the appellant's challenge for cause was improperly overruled.

In light of our disposition of the ground of error, the appellant's additional contentions need not be discussed.

The judgment is reversed and the cause remanded.