IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-15,859-04






EX PARTE ANTHONY LEROY PIERCE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 267685 IN THE 174
TH DISTRICT COURT


HARRIS COUNTY





 Per Curiam. Meyers, Price, and Holcomb, JJ., would grant. 



O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071.

 A jury convicted Applicant of the offense of capital murder. The jury answered the
special issues submitted pursuant to Code of Criminal Procedure article 37.071, and the trial
court, accordingly, set punishment at death. This Court reversed the conviction. Pierce v.
State, 604 S.W.2d 185 (Tex. Crim. App. 1980). On retrial, a jury again convicted Applicant
of capital murder. The second jury answered the special issues, and the trial court,
accordingly, set punishment at death. This Court again reversed. Pierce v. State, 696 S.W.2d
899 (Tex. Crim. App. 1985). Applicant was convicted and sentenced to death a third time. 
This Court affirmed that conviction. Pierce v. State, 777 S.W.2d 399 (Tex. Crim. App.
1989). Applicant's initial application was denied by this Court. Ex parte Pierce, No. WR-15,859-03 (Tex. Crim. App. Sept. 19, 2001)(not designated for publication).

 In this first subsequent application, Applicant presented two allegations. In his first
claim, Applicant asserted that his execution would violate the United States Supreme Court's
opinion in Atkins v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment
prohibits the execution of the mentally retarded. In his second claim, Applicant asserted that
the death sentence violated his Sixth Amendment rights because the question of mental
retardation was not decided by the jury. By written order dated November 13, 2002,
Applicant's second claim was dismissed and his first claim was remanded to the trial court
for consideration. 

 On remand, the trial court conducted a hearing by affidavit, after which it entered
findings of fact and conclusions of law recommending that relief be denied on Applicant's
claim. This Court has reviewed the record. We adopt the trial judge's findings and
conclusions, except finding number 62. Based upon the trial court's findings and
conclusions and our own review, the relief sought is denied.

 IT IS SO ORDERED THIS THE 18TH DAY OF APRIL, 2007.

DO NOT PUBLISH